tion of the character of stock ownership by the plaintiff, the defendant Clinton H. Churchill, or the representatives of Sarah H. Churchill, in The Churchill Evangelistic Association, Inc. All concur. (The judgment decrees the proportionate ownership of shares on expiration of a voting trust agreement.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ. [151 Misc. 350.]

IRVINE J. KITTINGER, Respondent, v. CHURCHILL EVANGELISTIC ASSOCIATION, INC., and Another, Appellants, Impleaded with HIRAM W. DEYO and Another, Respondents.— Order affirmed, without costs. See memorandum in companion case (*Kittinger* v. *Churchill Evangelistic Assn., Inc., ante*, p. 876). All concur. (The order denies a motion to amend the judgment.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

MARION T. MARTINDALE, as Administrator, etc., of JOSEPHINE E. MARTINDALE, Deceased, Respondent, v. THE STATE OF NEW YORK, Appellant. [Claim No. 23570.] — Judgment affirmed, with costs. The State does not challenge the amount of the award. All concur, except Crosby, J., who dissents and votes for a reversal on the law and facts and a new trial. (The judgment is for damages for death of claimant's intestate resulting from injuries received in a State institution.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

JOHN GRANT, as Guardian ad Litem of ALTA JANE GRANT, an Infant, etc., Respondent, v. JOHN H. BOLTON and Others, Doing Business under the Name of BOLTON, SUITS, BOLTON & GIBBS, Appellants.— Judgment affirmed, with costs. All concur. (The judgment is for damages for personal injuries caused by an automobile overturning on a highway then under repair.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

JOHN GRANT, Respondent, v. JOHN H. BOLTON and Others, Doing Business under the Name of BOLTON, SUITS, BOLTON & GIBBS, Appellants.— Judgment affirmed, with costs. All concur. (The judgment is for damages for personal injuries caused by an automobile overturning on a highway then under repair.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK HANDLER, Appellant.— We find the indictment sufficient under the provisions of sections 295-b and 295-c of the Code of Criminal Procedure. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ. All concur, except Crosby and Lewis, JJ., who dissent and vote for reversal on the law and dismissal of the indictment in the following memorandum by Lewis, J.: My study of the record upon this appeal leaves me in doubt as to the legal sufficiency of the indictment. I resolve that doubt in favor of the defendant and accordingly dissent. The essential element of the several offenses against which section 390 of the Penal Law is directed is the making of a contract for the purchase or sale of securities under circumstances which indicate an intent to terminate or settle the transaction according to market quotations without intending that a *bona fide* purchase or sale will result. Although I recognize the rule stated in *People* v. *Farson* (244 N. Y. 413), which requires us to construe an indictment liberally and reject technical objections, I am not convinced that the accusation of the indictment now before us sufficiently charges the defendant with having intended at the time of making the contract involved that it would not result in a *bona fide* purchase or sale. In sustaining the sufficiency of the indictment the majority of the court view its provisions as being within the