■ WILLIAM KOWALSKI, as Administrator of the Estate of ARTHUR MORRIS, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33454.) — Appellant appeals from a verdict of the Court of Claims in favor of the State of New York. On January 29, 1954, decedent by court order was committed to Islip State Hospital where his condition was diagnosed as "psychosis with psychopathic personality". On May 19, 1954, decedent attempted suicide by inflicting superficial cuts on his left and right forearms. He had a previous history of slashing his wrist on two separate occasions before being committed. From the hospital record it thereafter appears that he made improvement physically and mentally and on January 29, 1955, his mental condition was reported as "recovered" and he was released in the custody of his mother. On February 27, 1955, he was returned to the hospital, again made progress, was given "ground parole privileges" in May when the doctor reported "if he continues his present behavior and adjustment, his release will soon be considered." Further difficulties developed, however, and on August 10, 1955 [more than a year from his last attempt] decedent committed suicide at about 6:15 A.M. He had last been seen by one of the attendants at 5:30 A.M. returning from the bathroom with his toothbrush in his hand. The substantial part of the above-abbreviated statement of facts came from the Islip Hospital records. The only other testimony offered by claimant consisted of members of decedent's family whose testimony was principally concerned with his working habits, his contribution to home, the automobile accident which caused the original physical injuries and other such information concerning dependency and possible damages. No proof was offered medically as to the type of his mental condition, the reactions and tendencies resulting therefrom or what constituted the proper method of supervision in a mental institution or any acts which might constitute negligence. The State offered no testimony. Negligence may not be presumed from the mere happening of an accident. It was incumbent upon the part of the claimant to show affirmatively by competent evidence that the death of the decedent was caused by reason of some breach of duty on the part of the State. Negligence must be proven. (*McCabe* v. *State of New York,* 190 Misc. 11, affd. 273 App. Div. 1048; *Flaherty* v. *State of New York,* 296 N. Y. 342.) There is no showing of negligence on the part of the State here and the judgment rendered by the Court of Claims should be affirmed. Judgment of the Court of Claims unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.