■ COS J. TRAPANI, as Administrator of the Estate of JOSEPHINE TRAPANI, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 39490.) — GIBSON, P. J. Appeal from a judgment of the Court of Claims which dismissed a claim for damages on account of the death by suicide of claimant's intestate, alleged to have resulted from the State's negligent failure to afford her proper care while she was a patient in a State hospital for the mentally ill, where she had been admitted, after previous hospitalizations, upon a diagnosis of schizophrenia, catatonic type. The trial court correctly found that the hospital had "full knowledge of her suicidal tendencies" and, indeed, the admitting physician said that she seemed to be serious in threatening suicide when she should have the opportunity. Nine days after admission she caused her own death from suffocation by securing a plastic bag about her head. Where she obtained the bag was not shown. There was testimony that visitors brought food in such bags to the dayroom on decedent's ward and occasionally left them. There was evidence, which the court was not bound to accept, that decedent was not searched when admitted, as required by hospital regulations; and each of the several State employees and attendants called as witnesses said that she had not then or subsequently searched dece-

dent's clothing or effects, including her hand bag, which she was permitted to keep. Again, however, the proof did not necessarily require a finding that no search was made. We find that there was negligence, however, in otherwise failing to exercise reasonable care in supervision. Complaining of a broken spring in her bed and of being disturbed by the snoring of another patient, decedent, an hour or more after retiring in the dormitory room to which she had been assigned, where there were approximately 15 other patients, in an "area well illuminated", sought and obtained permission from the ward attendant to take her mattress, and the effects which she kept at the foot of her bed, to a side room, ostensibly to sleep there, upon the mattress which she placed upon the floor. She was further permitted, despite complete knowledge and recorded warnings respecting her suicidal tendencies, to close the door, so that she had to be observed, as the sole attendant passed by during the night, through a small aperture — "a little square opening" — high in the door (as disclosed by a significant exhibit), and under a "dim" light, the attendant stating that she "wouldn't have noticed" the plastic bag from the door; and it being evident that, like decedent's other preparations for suicide in the privacy she had thus contrived, the bag indeed had not been noticed for a long period after it was in place, since the condition of decedent's body indicated that she had been dead for a considerable time when, in the morning, an attendant for the first time actually entered the room, and then only for the purpose of awakening her for the start of the hospital day. That actionable negligence was demonstrated seems clear, and this conclusion is strengthened by the testimony, somewhat qualified though it may be, of a hospital physician that "ordinarily" a patient of suicidal tendencies would not be placed in a private room. That an attempt at suicide would be the result, as it was the purpose, of the relative seclusion and greater security from observation and interruption thus obtained, was reasonably to be foreseen. (See, e.g., *Szostak* v. *State of New York,* 20 A D 2d 828; *Wilson* v. *State of New York,* 14 A D 2d 976, mot. for lv. to app. den. 11 N Y 2d 643.) There was some prospect that, had she lived, decedent would have recovered in some few years and have again been able to contribute to the support of her mother. The special damages consisted of funeral expenses of $1,645. The claimant administrator is entitled to recover damages of $9,145. Judgment reversed, on the law and the facts, with costs to appellant, and claimant awarded judgment for $9,145, with appropriate interest, and costs. Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.