ASBEL FERNANDEZ, as Administrator of the Estate of AMINA FERNANDEZ, Deceased, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 53254.)

Third Department, June 20, 1974.

*Louis J. Lefkowitz, Attorney-General (Jeremiah Jochnowitz* and *Ruth Kessler Toch* of counsel), for appellant.

*Levidow & Levidow (Irving L. Weinberger* and *Richard D. Levidow* of counsel), for respondent.

GREENBLOTT, J. Amina Fernandez, a patient at Bronx State Hospital, injured herself in a suicide attempt on August 18, 1970.[*] Decedent had been admitted to Bronx State Hospital on May 28, 1970 after having attempted to cut her throat with a razor. This claim is brought to recover for the alleged negligence of the State in failing to properly observe the patient so as to permit her to injure herself.

The only evidence in the case with the exception of the hospital records was the examination before trial of Dolores Jones, the attendant in charge of Mrs. Fernandez. It reveals that she was assigned to watch the decedent and no other patient. She had been briefed by the physician in charge as to the patient's condition and was told that because of the patient's expressed desire to kill herself, she was to be observed at all times.

The attendant testified that upon receiving her instructions, she went to the patient's bed and sat beside her. While the

_____

[*] Amina Fernandez died on September 19, 1970 as a result of a subsequent unrelated suicide attempt while she was a patient in Van Etten Hospital which is not operated by the State.

patient was sleeping, the attendant examined the room for hidden articles and found none. When she awakened, the attendant searched the bed. After dinner, they returned to the room and the patient appeared to fall asleep. Miss Jones then left the room for only five minutes to go to the bathroom. When she returned she observed the decedent emerging from the room, having stabbed herself with a large knife. The trial court, on the basis of this evidence, awarded claimant $5,000 for conscious pain and suffering, the claim for wrongful death having been withdrawn at the trial.

While a suicidal patient must be given close supervision, a five-minute absence while the patient appears to be sleeping cannot afford a reasonable ground for recovery against the State. The decision of the Court of Appeals in *Hirsh* v. *State of New York* (8 N Y 2d 125) is controlling. In *Hirsh* there was no evidence of how the patient came into possession of a dozen seconal tablets which he used to commit suicide. As the court stated at page 127: " The State could not have provided an employee to watch every move made by this unfortunate man during 24 hours of the day. We are not persuaded that it is evidence of negligence that he was not repeatedly wakened and his bed searched during the night. If institutions for the mentally ill are required to take all of the precautions contended for in this case, and are to be held liable for such delicate mistakes in judgment, patients would be kept in strait jackets or some other form of strict confinement which would hardly be conducive to recovery."

Reasonable care is required to protect such patients against themselves (*Martindale* v. *State of New York*, 244 App. Div. 877, affd. 269 N. Y. 554). In our view, such care was provided in this case, for even if it can be said that the State did assume a duty of continual observation, a five-minute absence when a patient appears to be sleeping and thus incapable of inflicting self-harm does not constitute an act of negligence.

The judgment should be reversed, on the law and the facts, and the claim dismissed, without costs.

HERLIHY, P. J., SWEENEY, MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and claim dismissed, without costs.