■ JOHN O'CONNOR, as Administrator of the Estate of IRENE A. O'CONNOR, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 51506.)—Appeal from a judgment, entered August 23, 1972, upon a decision of the Court of Claims dismissing the claim. This is a claim for wrongful death. Claimant's intestate was admitted to Creedmore State Hospital on December 22, 1968. The diagnosis was "schizophrenia, acute schizophrenic episodes". The admission note contained the following, "tonight she felt that she had to commit suicide". On January 7, 1969 at 5:45 A.M., after the lights were turned on, claimant's intestate was found in bed with a plastic bag over her head. She was pronounced dead at approximately 6:00 A.M. The claim is based on the alleged negligence on the part of the State in failing to take adequate and proper safeguards to prevent claimant's intestate from taking her life. The Court of Claims dismissed the claim and this appeal ensued. Claimant maintains that the determination is against the weight of the evidence and contrary to law. Claimant, on his own behalf, testified, among other things, that two days before the suicide he saw a plastic dry cleaning bag on the windowsill in the sitting room where he was visiting his wife; that he thought it was "a crazy thing to leave lying around", but did nothing about it and told no one. There was also proof that an attendant checked the patients every half hour and that prior to the lights being turned on decedent was checked at 4:30 A.M. and 5:15 A.M. The Court of Claims rejected claimant's testimony about seeing the plastic bag on the windowsill. The court found that there was no evidence bearing on the ownership of the plastic bag; whether anyone else had seen it; or whether the bag claimant testified he had seen was the same bag used by decedent to commit suicide. Finally, the court found no evidence of faulty, improper or inadequate plant construction or maintenance, nor of any impropriety of administration or supervision of the hospital. To recover, claimant had the burden to establish either that the negligence of the State caused the decedent to obtain the plastic bag *(Hirsch v State of New York,* 8 NY2d 125) or that the State, with full knowledge of her suicidal tendencies, failed to exercise adequate supervision over the decedent so that she was able to use the plastic bag in committing suicide *(Trapani v State of New York,* 23 AD2d 709). The State owed decedent a duty of reasonable care. As to the first prong of the duty owed decedent, there is no evidence in the record as to where or how she came by the plastic bag. On the issue of adequate supervision, it is well established that the State is not required to provide

24-hour supervision even to suicidal patients *(Fernandez v State of New York,* 45 AD2d 125). The instant record reveals that an attendant checked the patients every half hour. Considering the record in its entirety, we are of the view that there is ample proof to sustain the determination of the Court of Claims. The judgment, therefore, must be affirmed. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.