Charles T. Major, J.
These claims were filed to recover damages predicated on the alleged negligence of the State in connection with the management, supervision and direction of J. David Harmon, an infant 15 years of age, while an inmate of the Syracuse State School.
Since the filing of these claims, claimant Hilda Harmon has remarried and, upon motion of her attorneys, an order was made and entered amending the titles of the claims accordingly. The above-named infant, J. David Harmon, was born on December 20, 1939, and his mother was duly appointed his guardian ad litem on August 4,1955 for the purpose of this action.
On May 12,1955, the State of New York owned, operated and maintained the Syracuse State School and, in conjunction therewith, owned and operated a farm designated as the ‘ ‘ Amos Farm ”. On this day, the “ farm ” and the 38 infant inmates were under the supervision of Harold Ludlow Johns and his wife, who had been transferred thereto the previous evening. Infant claimant, J. David Harmon, was one of 15 boys on the “ farm ” not assigned to any specific duties, but was obliged to do farm work delegated to him by the supervisor.
About 11:20 a.m. on May 12, 1955, Harold Ludlow Johns, handling the tongue of the wagon, with five boy inmates helping *742 to push, were turning a farm wagon around, in the barn. During this operation, the wagon,— 3-foot to 4-foot wide — was allowed to travel some distance out of the barn door, which was 12-foot wide. While the wagon was being steered by Harold Ludlow Johns and pushed back into the barn, one of its wheels struck the edge of the barn door frame, pinning infant claimant’s index and middle fingers, causing severe pain and injury.
Mr. Johns testified that he saw J. David Harmon about 20 minutes prior to this accident, and told him to go back to the colony. Mr. Johns did not know whether he obeyed, or was near the wagon at the time of the accident, and did not see him again until he heard him yell.
Work on the farm and moving the wagon as described in the evidence, are not such hazardous types of occupation as to require individual and constant surveillance over the inmates. The work assigned is of therapeutic value and the accepted treatment to help develop the inmates to a degree of usefulness. (Mental Hygiene Law, § 120.) To require a large number of attendants and guards for the inmates of this school might curtail the inmates’ freedom of action and would defeat the school’s purpose and program. (Excelsior Ins. Co. of N. Y. v. State of New York, 296 N. Y. 40, 46.) There is no evidence that the supervision was insufficient, incompetent or negligent.
In the operation and management of its schools, hospitals and other institutions, the State is responsible only for hazards which could be reasonably foreseen. (Flaherty v. State of New York, 296 N. Y. 342.) The accident and injury of the infant claimant herein were not ones which could be reasonably anticipated, and the protection afforded to these inmates, including infant claimant, was commensurate with the reasonably foreseeable risk. The supervisor had many years of experience in this type of work, and had charge of the injured infant at another cottage prior to the accident.
The court finds no negligence on the part of the State or its employees which caused or contributed to the accident and resulting injuries to J. David Harmon.
The above-entitled claims are both dismissed.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.