MARTIN BLITZER, as Administrator of the Estate of MAX AUSTER, Deceased, Respondent-Appellant, *v.* STATE OF NEW YORK, Appellant-Respondent. (Claim No. 33484.)

Third Department, April 13, 1962.

*Louis J. Lefkowitz, Attorney-General (Edwin R. Oberwager* and *Paxton Blair* of counsel), for appellant-respondent.

*Nathan L. Levine* for respondent-appellant.

GIBSON, J. The State appeals from a judgment of the Court of Claims which, upon a finding of the State's negligence, awarded damages for decedent's death and for his conscious pain and suffering prior thereto. Cross appeal is taken by claimant on the ground of inadequacy.

Claimant's intestate, when 70 years old and a patient at a State hospital for the mentally ill, sustained cerebral injuries, asserted to have caused his death, when another patient, a much younger man, " either hit or push[ed] " decedent " with considerable force " — this according to the deposition of the hospital attendant Brown, the only eyewitness to testify. So far as can be ascertained from the rather unsatisfactory record, decedent, when struck or pushed, so fell as to strike his head upon the wall. The persons concerned were two of some 80 patients resident in Ward 22 in which the less seriously ill were maintained. The incident occurred in the area between Wards 21 and 22 after patients had left these wards for their evening meal, some being " already in the dining room and some * * * about to go in." The attendant Brown was assigned to Ward 21. He testified that he knew from " personal observation " that two attendants were " usually " assigned to Ward 22 and said that the one attendant assigned there on this particular evening shift was not with those Ward 22 patients who were in the area between the wards when the episode occurred, but that he came there in " a matter of seconds ".

Claimant's expert, a psychiatrist and psychoanalyst in private practice, whose institutional experience was not described with any degree of particularity, and whose testimony we find generally unpersuasive, said that good practice required the assignment to Ward 22 of from two to four attendants. He considered that decedent's supposed assailant was potentially assaultive and was insufficiently supervised but the grounds of these opinions seem to us of very doubtful validity. In this connection, the record indicates that over a period of years this patient had previously been engaged in three " altercations " with other patients, the last more than three years before decedent's injury; that in two of them he himself was injured and in but one of them does the record indicate any aggressive tendencies on his part. Thus, the trial court's finding that he was known to the hospital authorities to be impulsively assaultive was probably unwarranted but the determination of that question is not necessary to our decision.

The predicate of the award made was the court's conclusion that " the State was negligent in that it failed to afford sufficient

supervision over the patients of Ward 22." The testimony that the attendant saw decedent's fellow patient " either hit or push " him is insufficient to sustain claimant's burden of adducing preponderant proof of the foreseeable assault which he avers, as against the alternative, left open by the testimony, of a " push " which might conceivably have been caused by impatience to reach the dining room or have been precipitated by other cause either innocent or unforeseeable. Claimant's expert's opinion, and the trial court's conclusion as well, could be reached only by inferring from a single aggressive act of three years before that the fellow patient was of known dangerously assaultive disposition and by building upon this the further inference that the patient's assaultive disposition, thus inferred, rather than some innocent or casual and unforeseeable cause, gave rise to the incident. In any event, it has not been shown, and in the circumstances of this case cannot be inferred, that additional supervision of this particular place, of undefined area, in which an undetermined number of patients were still in passage, would have prevented this sudden action. Recognizing, perhaps, the necessary limitations of even great and well-distributed physical force in such a situation, claimant's expert grounded his opinion in large part upon the proposition that an attendant " would have constituted an authority who would have exerted a restraining influence on any aggressive impulse "; but the witness did not indicate, nor does the record suggest why the presence of the uniformed attendant Brown did not constitute the very form of supervision for which the witness contended. Claimant's proof seems to us insufficient to establish liability. (Cf. *Flaherty* v. *State of New York,* 296 N. Y. 342; *Di Fiore* v. *State of New York,* 275 App. Div. 885.)

The judgment should be reversed, on the law and the facts, and the claim dismissed, without costs.

BERGAN, P. J., COON, HERLIHY and TAYLOR, JJ., concur.

Judgment reversed, on the law and the facts, and claim dismissed, without costs.