■ IRIS OAKLEY, as Mother and Natural Guardian of STEVEN OAKLEY, an Infant, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 50194.) — Appeal from a judgment in favor of claimants, entered May 18, 1971, upon a decision of the Court of Claims. Claimant, Steven Oakley, because of truancy, was confined at the New Hampton Training School for Boys, New Hampton, New York in the month of October, 1967 pursuant to an order of the Family Court. Claimant was 16 years of age and, although a student in the ninth grade, he had a reading level of pupils in the third or fourth grade. In the month of November he was assigned to a shop class where he was to be instructed in carpentry and the operation of machines used in carpentry. Each student on entering the class received a set of instructions on safety in the shop and safety in the use of the machines. These instructions were also posted in the shop, and each week about 15 to 20 minutes were spent in oral review of these instructions. The instructor also testified that he required each boy to pass a written test before he was permitted to use a machine. Part of the curriculum was cleanup time at which time all projects and tools were put away, no machines were to be used and the shop was cleaned. On January 19, 1968 at about 11:30 A.M., after the instructor told the class that it was cleanup time, claimant injured the four fingers of his right hand while using a machine called a jointer-planer. The instructor testified that, prior to the accident, claimant had been operating a band saw; that after cleanup time was announced, he had continued to use the saw and was told again it was cleanup time, upon which he shut off the saw; that he, the instructor, had proceeded to his desk to correct papers; that he saw claimant going towards the room where the brooms were kept; that thereafter, upon hearing a machine start up, he looked up and saw the claimant grab his hand and come away from the jointer-planer; that claimant was not authorized to operate the jointer-planer and had not previously operated the machine, and had only been given a practical demonstration on the use of the machine. Claimant said that he knew what cleanup time meant; that no instructions had been given to the class on the use of the machine; that he had seen the instructor use the machine; that the instructor was at his desk at the time of the accident; that he had been operating the machine about five minutes before the accident; and that he did not ask for permission to use the machine. Although he testified at the trial that as far as he knew there were other machines operating at the time, he admitted that in an examination before trial he stated that he did not know of a single student working on a machine at the time of the accident. The court determined that the State was liable in damages and that claimant was free from contributory negligence stating "There is a duty to anticipate injury when a minor is operating, or in the vicinity of, dangerous equipment. (*Harrow* v. *State of New York*, 21 A D 2d 571; *Garrow* v. *State of New York*, 268 App. Div. 534, affd. 294 N. Y. 741.) The failure to constantly observe, to be aware of, and to supervise and control the activities of students in the area of the carpentry machines is a breach of duty and constitutes negligence." Negligence may be predicated upon foreseeability when defective or dangerous equipment is being used by a student, and proper supervision depends largely upon the circumstances. (*Flaherty* v. *State of New York*, 296 N. Y. 342; *Mulberg* v. *State of New York*, 35 A D 2d 856, affd. 29 N Y 2d 916.) The Court of Claims predicated liability on the failure of the instructor to constantly observe and supervise

the students during cleanup time at the end of the instruction period when all machines should have been shut down. Claimant was injured in a brief period of one or two minutes while operating a machine upon which he had no instruction, had not previously used, and had no authorization to use during a period of time set aside for cleanup. The record does not indicate any failure on the part of the instructor to properly observe or supervise the students. Under all the circumstances, we conclude that the record does not substantiate the finding of inadequate supervision, and the incident was not one which the State could or should have reasonably foreseen, and, therefore, it is not liable for damages. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Staley, Jr., Cooke, Sweeney and Simons, JJ., concur: Herlihy, P. J., dissents and votes to affirm in the following memorandum: The judgment in favor of the claimant entitled him on this appeal to the most favorable version of the evidence and any reasonable inferences that flow therefrom. The recitation of the testimony as set forth in the majority opinion does not give claimant that to which he is entitled. The memorandum of the majority does not rely upon the issue of contributory negligence and, therefore, it is only necessary to state that upon the present record that issue was a question of fact resolved in claimant's favor. As to the controlling issue of negligence of the State, there was, on the date of the accident, one instructor and eight students. The exhibits disclose a reasonably large, well lighted room with various pieces of machinery placed about the room and with an unobstructed view from the desk of the instructor. The claimant had been previously instructed in the use of the particular machine which caused the accident. As to the events which immediately preceded the happening of the accident, there is some difference of opinion which at most was a factual issue, but it is undisputed that the instructor was working at his desk correcting papers. The record unequivocally established factual issues found by the court in favor of the claimant and the verdict in that respect is not against the weight of the evidence. The machinery was hazardous in nature and it was reasonably foreseeable that injuries might result from the use thereof, particularly when the age and mental capacity of the claimant are considered. As to supervision, the record establishes and the court could decide that " cleanup time ", when the unfortunate accident happened, was a time when " constant " supervision was necessary. The court found " The failure to constantly observe, to be aware of, and to supervise and control the activities of students in the area of the carpentry machines is a breach of duty and constitutes negligence ". This, of course, is not the applicable rule but I am of the opinion that the court made such a finding due to the limited number of pupils and in the present circumstances it might be justified. However, applying the legal principle that the State is responsible only for hazards reasonably to be foreseen, the record still supports the finding of the court and the verdict should be affirmed. The cases cited by the majority concern factual situations where it was found that the hazard was not readily foreseeable, a circumstance different from the present issue. I would affirm the judgment.