JOHN FLAHERTY, an Infant, by DELIA FLAHERTY, His Guardian ad Litem, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 26139.)

Argued April 9, 1947; decided May 22, 1947.

*Nathaniel L. Goldstein, Attorney-General (John R. Davison* and *Wendell P. Brown* of counsel), for appellant. I. The assault was beyond the realm of risk reasonably to be perceived and the State should not be held liable therefor. (*Excelsior Ins. Co.* v. *State of New York,* 296 N. Y. 40; *Calabria* v. *State of New York,* 289 N. Y. 613; *Hall* v. *New York Telephone Co.,* 214

N. Y. 49; *Flaherty* v. *Metro Stations, Inc.*, 202 App. Div. 583, 235 N. Y. 605; *Beickert* v. *G. M. Laboratories*, 242 N. Y. 168; *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339.) II. The proximate cause of claimant's injuries was an intervening, vicious and criminal assault. (*Saugerties Bank* v. *Delaware & Hudson Co.*, 236 N. Y. 425; *Ragone* v. *State of New York*, 123 Misc. 48, 211 App. Div. 573, 243 N. Y. 607; *Ring* v. *City of Cohoes*, 77 N. Y. 83.)

·*Esther R. Brause* and *Leonard Acker* for respondents. I. Claimant established by a fair preponderance of the proof that the school authorities failed properly to protect him. (*People* v. *Pikunas*, 260 N. Y. 72; *People* v. *Lewis*, 260 N. Y. 171; *Garthe* v. *Ruppert*, 264 N. Y. 290; *Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543; *Mink* v. *Keim*, 291 N. Y. 300; *Sadowski* v. *Long Island R. R. Co.*, 292 N. Y. 448; *Schwier* v. *New York Central & H. R. R. Co.*, 90 N. Y. 558; *Parkas* v. *Parkas*, 265 App. Div. 521; *Vollmer* v. *Automobile Fire Insurance Co.*, 207 App. Div. 67; *Jarcho Bros., Inc.*, v. *State of New York*, 179 Misc. 795; *Day* v. *Johnson*, 265 App. Div. 383; *Tierney* v. *New York Dugan Bros., Inc.*, 288 N. Y. 18; *Gerbino* v. *Greenhut-Siegel-Cooper Co.*, 165 App. Div. 763.) II. The State is liable for its failure to provide adequate supervision to safeguard claimant. (*Bloom* v. *Jewish Board of Guardians*, 286 N. Y. 349; *Sheehan* v. *North Country Community Hospital*, 273 N. Y. 163; *Jackson* v. *State of New York*, 261 N. Y. 134; *Martindale* v. *State of New York*, 269 N. Y. 554; *Callahan* v. *State of New York*, 179 Misc. 781, 266 App. Div. 1054; *Luke* v. *State of New York*, 253 App. Div. 783; *Curley* v. *State of New York*, 148 Misc. 336; *Wilcove* v. *State of New York*, 146 Misc. 87; *Gould* v. *State of New York*, 181 Misc. 884; *Jones* v. *State of New York*, 267 App. Div. 254; *Weihs* v. *State of New York*, 267 App. Div. 233; *Joachim* v. *State of New York*, 180 Misc. 963; *Herman* v. *City of Buffalo*, 214 N. Y. 316.) III. The acts of supervision in the cottage at night were not unauthorized. IV. The State's negligence was the cause of claimant's injuries. (*Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1; *Dillon* v. *Rockaway Beach Hospital*, 284 N. Y. 176; *Cornbrooks* v. *Terminal Barber Shops, Inc.*, 282 N. Y. 217.) V. The school authorities should have anticipated the assault. (*Zurich General Accident & Liability Ins. Co.* v. *Childs Co.*, 253 N. Y. 324; *Robert* v. *United*

*States Shipping Board Emergency Fleet Corp.*, 240 N. Y. 474; *Hogan* v. *Comack Sales, Inc.*, 245 App. Div. 216, 271 N. Y. 562; *Slavin* v. *State of New York*, 249 App. Div. 72.) VI. Because there had been no previous assault like that committed is of little import. (*Barrett* v. *Lake Ontario Beach Improvement Co.*, 174 N. Y. 310; *Cleveland* v. *New Jersey Steamboat Co.*, 125 N. Y. 299; *Reid* v. *New York & New Jersey Telephone Co.*, 151 App. Div. 96.) VII. Because the assault was a criminal act does not relieve the State of liability. (*Ring* v. *City of Cohoes*, 77 N. Y. 83; *Saugerties Bank* v. *Delaware & Hudson Co.*, 236 N. Y. 425; *Ragone* v. *State of New York*, 123 Misc. 48, 211 App. Div. 573, 243 N. Y. 607; *Green Bus Lines* v. *Ocean Accident & Guaranty Corp.*, 287 N. Y. 309; *Gillespie* v. *Brooklyn Heights R. R. Co.*, 178 N. Y. 347; *Putnam* v. *Broadway & Seventh Ave. R. R. Co.*, 55 N. Y. 108; *Kearns* v. *Brooklyn & Queens Transit Corp.*, 254 App. Div. 779; *De Haen* v. *Rockwood Sprinkler Co.*, 258 N. Y. 350; *Clark* v. *New York Hotel Statler Co.*, 223 App. Div. 237.)

FULD, J. Claimant and one Anthony Sarrentino were inmates of the New York State Training School for Boys at Warwick, New York, a rehabilitation institution to which are committed delinquents not over the age of sixteen years (Social Welfare Law, §§ 411–440). The two boys, who were housed in the same cottage dormitory, had originally been friends, but, with the passage of time, they had become involved in a series of quarrels with each other. Ultimately, goaded by the taunts of his fellows, Sarrentino challenged claimant to a fight with boxing gloves, in accordance with the usual custom at the school. Sarrentino did not appear at the time and place appointed for the bout but, instead, apparently busied himself with the task of removing from the fire extinguisher located in the cottage a vial containing acid. During the same day he poured some of that acid on claimant's pillow, evidently under the belief that claimant would suffer by simply coming in contact with the substance on the pillow. Claimant observed the hole, but did not know its source or cause. With the consent and knowledge of a cottage master, he substituted another pillow. Some hours later, at about half past one in the morning, while all in the dormitory slept, Sarrentino stole from his bed, obtained the cylinder from the place where he had concealed it, and poured the acid over the sleeping

claimant's face and head. Serious and painful injuries naturally ensued.

Asserting that the State had failed to take steps to protect him against Sarrentino and had been lax, generally, in its supervision over the institution's inmates, claimant sued in negligence. The Court of Claims, finding for defendant, dismissed the claim. The Appellate Division reversed and held the State liable. That judgment may not stand. The case falls squarely within our decision in *Excelsior Ins. Co. of N. Y.* v. *State of New York* (296 N. Y. 40).

The law is clear; it is only in its application that difficulty is encountered. The State — just as any other party (Court of Claims Act, § 8; L. 1939, ch. 860) — is responsible, in the operation and management of its schools, hospitals and other institutions, only for hazards reasonably to be foreseen, only for risks reasonably to be perceived. (See *Excelsior Ins. Co. of N. Y.* v. *State of New York, supra; Calabria* v. *State of New York,* 289 N. Y. 613; *Martindale* v. *State of New York,* 269 N. Y. 554; *Palsgraf* v. *Long Island R. R. Co.,* 248 N. Y. 339, 344.) Here, as in the *Excelsior Insurance Co.* case (*supra,* at p. 45), " we fail to find basis for the imposition of liability upon the State. The authorities * * * could not reasonably have anticipated " — from their past experience — an act so diabolical in its viciousness as that which Sarrentino perpetrated upon Flaherty.

Although undoubtedly aware of the presence of acid in the fire extinguisher, the school authorities had no reason to anticipate its use as an instrumentality of assault for it had never before been so used. Neither the inmates nor the employees — save only the official charged with the care of the extinguishers — had ever been advised either as to their contents or as to the method of refilling them. The presence of a hole in his pillow was no warning that someone intended to injure claimant. Sarrentino's failure to appear for the fight was no indication that he planned to harm him. Nor is there basis for concluding that the State was derelict in its supervision of the school or of the inmates. Indeed, this particular institution, the record indicates, has a higher ratio of " supervisors to boys " than any other training school in the United States. Short of constant guarding and watching — unreasonable under the circumstances — the authorities could not have prevented so furtive

and secret a deed. As we said in the *Excelsior* case, " the State is held only to a duty of taking precautions against those risks ' reasonably to be perceived ' ", and, since here no hazard was apparent, Sarrentino's act cannot give rise to liability against it (296 N. Y., at p. 46).

A contrast most apt is furnished by *Scolavino* v. *State of New York* (297 N. Y. 460), which we also decide today. In that case, a vicious assault by one inmate of a mental hospital upon another was — against the background of the institution's experience — reasonably to be foreseen. The duty being thus defined, the failure to take the precautions dictated by reason rendered the State liable for the resulting injury.

The judgment of the Appellate Division should be reversed and that of the Court of Claims affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Judgment accordingly.