■ MICHAEL CASELLA, Appellant, v STATE OF NEW YORK, Respondent.—In a negligence claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Lowery, J.), entered January 29, 1985, which dismissed his claim, after a nonjury trial.

Judgment affirmed, without costs or disbursements.

The claimant, an inmate at Green Haven Correctional Facility, who was assaulted by another inmate, contends that the State was negligent in permitting the inmates to wear bulky clothing, thus preventing correction officers from noticing any object which an inmate might be carrying beneath his clothing. During the trial, it was developed that the correction officer in charge observed every inmate as he passed through each gate on his way to the mess hall. In addition, there were other officers posted at the gates who observed the inmates as they passed through. In the case at bar, the first notice of a disturbance taking place was when the officer in charge saw the claimant step out of line. The officer then saw the other inmate attacking the claimant. He immediately went to the claimant's aid and called for assistance. Prior to this incident there was nothing to indicate that the attacking inmate was carrying any object or was going to attack the claimant. The State is under a duty to take every reasonable precaution to protect those who are in its institutions. However, the State is not an insurer against any injuries which might occur. There

must be a demonstration of a lack of reasonable care *(see, Killeen v State of New York,* 66 NY2d 850), which the claimant has failed to make here.

The claimant further argues that the attacker's past record while incarcerated should have placed the institution on notice that he was a menace to other inmates. The claimant's argument that the officer in charge should have been made aware of the attacker's record was not supported by any evidence that he was more dangerous than any of the other inmates under the officer's supervision. Under such circumstances, there was no need to take special precautions with respect to the claimant's attacker *(see, Mobley v State of New York,* 1 AD2d 731, *appeal denied* 1 AD2d 928). We have considered the claimant's other arguments and find them to be without merit. Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.