■ KENNETH WHITE, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant.—Harvey, J. Cross appeals from a judgment in favor of claimant, entered August 1, 1989, upon a decision of the Court of Claims (Hanifin, J.).

This claim by a prison inmate against the State alleging that prison employees had failed to prevent an impending assault upon his person by a fellow inmate, despite their prior knowledge of its likelihood, was previously before us (137 AD2d 868). In that decision, we determined that the Court of Claims incorrectly dismissed the claim and we remitted the matter for a determination of liability and an award of damages. In its decision following the conclusion of all proceedings, the Court of Claims determined that the State was 40% negligent and claimant's own culpable conduct amounted to 60%. As for the hotly contested issue of the appropriate amount of damages, the court determined them to be $1,000,000 ($600,000 for economic loss and $400,000 for claimant's past and future pain and suffering), which resulted in a net award to claimant of $400,000 (40%). These cross appeals ensued.

Claimant contends that the Court of Claims assignment of contributory negligence on his part disregarded the earlier decision of this court wherein we concluded that claimant's conduct of placing himself in a vulnerable position toward his

assailant and fellow inmate, Frederick Harris, did not amount to the sort of unforeseeable and extraordinary conduct necessary to constitute superseding negligence *(supra,* at 869). We disagree. A review of our previous decision reveals that the issue of contributory negligence was not addressed by us; therefore, claimant's invocation of the law of the case doctrine is inapplicable here *(see, Locilento v Coleman Catholic High School,* 134 AD2d 39, 43; *see also, Monell v City of New York,* 84 AD2d 717). Just because a claimant's negligence does not rise to the level of a superseding cause does not, as claimant argues, mean that claimant's conduct was necessarily free of contributory negligence.

Turning to the propriety of the Court of Claims apportionment of liability, we conclude that the Court of Claims finding that claimant's own conduct created an undue risk of harm to himself and that he was 60% responsible is sufficiently supported by the record and need not be disturbed. Notably, claimant's testimony as to his state of mind prior to the assault by Harris was conflicting and could give rise to differing interpretations as to the prudency of his later actions. The record shows that claimant, fully familiar with the potential for violence in the prison setting, consciously chose to place himself in a position at a distance from the nearest correction officer with his back facing Harris at a time when claimant expected Harris to be exiting his cell along with other inmates on the gallery. Claimant did this shortly after Harris had threatened to kill him and claimant was aware that Harris had a weapon. In contrast, although the State was negligent because its correction officers failed to adequately explore and investigate the threat to claimant, it appears from the record that claimant did not sufficiently convey the lethalness of the threats to his person. With this and other evidence in the record, we cannot say that the Court of Claims abused its discretion in apportioning liability as it did.

Finally, we agree with the State's contention that the award of damages for economic loss to claimant was excessive. The Court of Claims found that claimant had incurred $600,000 in economic loss, consisting only of lost wages and benefits; no award was made for the replacement cost of household services. Although the court clearly had some reservations about the testimony of each of the economic experts presented by both parties, the court nonetheless accepted most of the proffered figures offered by claimant's expert despite the fact that these figures concededly were not reduced to take into account claimant's criminal record, poor prior work history

and undistinguished record of military service. Since this is a nonjury case, we have the authority to determine damages where, as here, the record is complete *(see, Mesick v State of New York,* 118 AD2d 214, *lv denied* 68 NY2d 611). Accordingly, we hold that the record supports a finding of economic loss in the amount of $200,000. Since we find nothing inappropriate in the award for pain and suffering, the combined verdict in favor of claimant will accordingly be reduced from $400,000 to $240,000 (40% of $600,000).

Judgment modified, on the facts, without costs, by reducing the total award to $240,000, and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.