■ Donald L. Curtis, Appellant, v State of New York, Respondent. (Claim No. 80194.) [616 NYS2d 266] —Judgment unanimously affirmed without costs. Memorandum: The Court of Claims properly dismissed the claim for failure to serve the notice of claim on the State by certified mail pursuant to section 11 of the Court of Claims Act (see, Bogel v State of New York, 175 AD2d 493). (Appeal from Judgment of Court of Claims, NeMoyer, J.—Dismiss Claim.) Present—Denman, P. J., Pine, Lawton, Wesley and Doerr, JJ.

■ In the Matter of Kenneth H., a Person Alleged to be a Juvenile Delinquent, Appellant. Niagara County Attorney, Respondent. [616 NYS2d 267] —Order unanimously affirmed without costs. Memorandum: Respondent's notice of appeal states that the appeal is from two bench rulings made by Family Court. No appeal lies from a bench ruling (see, Soto v Montanez, 201 AD2d 876). We exercise our discretion to disregard the misstatements in the notice of appeal (see, CPLR 5520 [c]), and we deem the appeal to have been taken from the order of disposition entered February 9, 1994, which brings up for review Family Court's earlier bench rulings (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988).

The court properly denied respondent's motion to dismiss the petition on the ground that a fact-finding hearing had not been scheduled within 60 days of respondent's initial appearance (see, Family Ct Act § 340.1 [2]). Respondent entered an admission to the charge in the petition at his initial appearance, thereby eliminating the need for a fact-finding hearing (see, Family Ct Act §§ 321.1, 321.2 [1]; § 321.3). It was not until the date that Family Court granted respondent's motion to vacate his admission that the need for a fact-finding hearing again arose, and the fact-finding hearing, scheduled within 60 days of that date, was timely. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Juvenile Delinquency.) Present—Denman, P. J., Pine, Lawton, Wesley and Doerr, JJ.