■ JOSE COLON, Respondent, v STATE OF NEW YORK, Appel-

lant. [620 NYS2d 1015] —Crew III, J. Appeal from a judgment in favor of claimant, entered July 9, 1993, upon a decision of the Court of Claims (Benza, J.).

Claimant, an inmate at Adirondack Correctional Facility in Essex County, sustained personal injuries when he was assaulted by a fellow inmate while working in the engine repair shop. Claimant commenced this action alleging that the State failed to provide adequate supervision.

By reason of facility rules prohibiting the operation of engines indoors, some activities involving the repair shop must be conducted outside on a paved macadam area. Because vocational training requires working directly with the inmates, the instructor, Robert Callaghan, worked both inside and outside of the shop. On the morning of the assault, claimant began working inside the shop at the station assigned to him. At some point Callaghan examined claimant's work and then left the shop to assist other inmates on the paved area. While outside, Callaghan was unable to see claimant's work station. Approximately 15 minutes after Callaghan left the shop, claimant was struck on the back of his head and fell to the floor unconscious. Some five minutes later claimant regained consciousness and observed a fellow inmate, named Rodriguez, drop an ax handle and run out of the shop. Claimant grabbed a screwdriver and ran after Rodriguez whereupon Callaghan ordered both men to stop, which they did. Callaghan testified that he did not see the initial assault but he did see the piece of wood used to strike claimant, which was described as a 30- to 32-inch long well-weathered ax handle.* Following a trial, the Court of Claims found the State liable for claimant's injuries and awarded him the sum of $3,500, plus interest. The State has appealed.

It is well established that with respect to its correctional facilities, the State has a duty to use reasonable care to protect its inmates from foreseeable risks of harm, including risks of attack by other prisoners (see, Kemp v Waldron, 115 AD2d 869, 870). The State, however, is not an insurer of inmate safety, and negligence cannot be inferred solely from the happening of an incident (see, Padgett v State of New York, 163 AD2d 914, lv denied 76 NY2d 711). In order to recover here, claimant was required to demonstrate by competent evidence that the State failed to use adequate supervision to prevent that which was reasonably foreseeable (see, Flah-

---

* The instrument was not a part of the shop inventory and was described as contraband.

*erty v State of New York,* 296 NY 342, 346). In that regard, a known dangerous prisoner may place the State on notice of an increased likelihood of an assault and impose a heightened duty to take special precautions *(see, Dizak v State of New York,* 124 AD2d 329).

Here, the record fails to establish any motive for the assault or any indication that claimant or Rodriguez ever engaged in violent acts or other disruptive conduct while incarcerated. Both claimant and Callaghan testified that neither knew of any direct animosity between claimant and Rodriguez and there is no record evidence to indicate that Rodriguez was a known dangerous prisoner, thereby imposing a heightened duty to take special precautions, and we find that it was error for the Court of Claims to take judicial notice that inmates at the facility are dangerous. Absent a showing of such dangerousness, unremitting supervision in the engine repair shop was unnecessary and the fact that Callaghan and a guard were not present at the time of the incident, in and of itself, is insufficient to support a finding that the State failed to exercise reasonable care *(see, Padgett v State of New York, supra,* at 915). Contrary to the finding by the Court of Claims, the evidence in the record demonstrates that the State provided reasonable supervision. Callaghan testified that he moved back and forth constantly between the paved macadam area and the shop for safety and security reasons. Additionally, the record reflects that an area officer made irregular rounds into the shop. Accordingly, the judgment must be reversed.

Mikoll, J. P., Casey and Peters, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and claim dismissed.