◼ EDWARD LITTLEJOHN, Respondent, v STATE OF NEW YORK, Appellant. [630 NYS2d 407] —Spain, J. Appeal from a judgment

in favor of claimant, entered August 25, 1994, upon a decision of the Court of Claims (Bell, J.).

Claimant, an inmate at Clinton Correctional Facility (hereinafter Clinton) in Clinton County, was assaulted, without warning, by inmate Gary Stevenson on February 28, 1989. Stevenson slashed claimant with a sharp piece of glass which had been lying on the ground in the prison yard; claimant's face and left ear were so severely cut that claimant required 35 stitches to close his wounds. Claimant commenced this action seeking damages charging the State with, *inter alia*, failure to adequately supervise Stevenson. After a trial before the Court of Claims, a verdict was rendered in favor of claimant in the amount of $45,000. The State appeals.

The record reveals that Stevenson, within a span of two months prior to the instant assault, was involved in one assault upon a correction officer and three assaults upon other inmates. Prior to these assaults, which occurred at Clinton, Stevenson was involved in numerous assaults at another correctional facility. Further, the record reveals that on numerous occasions, correctional employees made official notations regarding Stevenson's propensities toward violence and the threat he posed to the safety and security of others within the facility; the State was also fully aware of Stevenson's psychological problems.

The State's assertion that the Court of Claims improperly expanded the duty of care is without merit. As recently stated by this Court, "the State has a duty to use reasonable care to protect its inmates from foreseeable risks of harm, including risks of attack by other prisoners" (*Colon v State of New York*, 209 AD2d 842, 843), and further, "a known dangerous prisoner may place the State on notice of an increased likelihood of an assault and impose a heightened duty to take special precautions" (*supra*, at 844; *see, Dizak v State of New York*, 124 AD2d 329, 330).

Here, the record reveals that Stevenson's assaultive behavior had neither abated nor moderated, but rather had escalated in the weeks and days preceding the instant assault (*see, Hann v State of New York*, 137 Misc 2d 605, 606). The record also supports the Court of Claims' finding that Stevenson was allowed to continue to mingle among inmates while other options for dealing with him were available "despite his having perpetrated seven other assaults under similar circumstances beginning November 10, 1988, three of which occurred within 17 days of the assault upon claimant * * *. Thus, the manifest foreseeability of risk established by Stevenson's continuous as-

saultive behavior should have been obvious to anyone with knowledge of prison life." Stevenson was a known dangerous prisoner and the assault upon claimant was foreseeable (*see, supra*, at 608).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.