■ FRANK CARUSO, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [652 NYS2d 58] —In an action to recover damages, *inter alia*, for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Newmark, J.), dated December 12, 1995, which granted the plaintiff's motion for summary judgment and struck the defendants' answer, and denied the defendants' cross motion for summary judgment.

Ordered that the order is modified by deleting the provisions thereof granting the plaintiff's motion for summary judgment and striking the defendants' answer, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the defendants, and the defendants' answer is reinstated.

The plaintiff, an inmate at the Suffolk County Correctional Facility, allegedly sustained personal injuries as a result of three unprovoked attacks by a fellow inmate.

It is well established that correctional officials have a duty to use reasonable care to protect inmates from the foreseeable risks of harm, including risks of attack by other prisoners (*see, Kemp v Waldron*, 115 AD2d 869, 870; *see also, Colon v State of New York*, 209 AD2d 842; *Casella v State of New York*, 121 AD2d 495). Pursuant to 9 NYCRR 7003.3 (a), "[a]ctive supervision shall be maintained in all facility housing areas, including multiple occupancy housing units, when any prisoners are confined in such areas but not secured in their individual housing units". Active supervision is defined in 9 NYCRR 7003.2 (c)

(4) as "the continuous occupation of a security post" within "any facility housing area in which more than 20 inmates are housed". Here, Corrections Officer Denise Terry admitted that on the night in question the cellblock housed more than the 20 inmates it was designed to accommodate, and therefore a corrections officer was required to continuously occupy a security post. Here, an issue of fact exists as to whether this obligation was met. The defendants presented some evidence that a standard office desk, ordinarily used by the corrections officers to complete paperwork, may have been used on the night in question as a security post. Indeed, one corrections officer was seated at the desk when the plaintiff cried out for assistance. As issues of fact exist, summary judgment was improperly granted.

In light of our determination, we do not reach the defendants' remaining contentions. Pizzuto, J. P., Santucci, Friedmann and Florio, JJ., concur.