■ JULES STANLEY, Appellant, v STATE OF NEW YORK, Respondent. [657 NYS2d 481] —Peters, J. Appeal from a judgment of the Court of Claims (Silverman, J.), entered May 5, 1995, upon a decision of the court in favor of the State.

Claimant, an inmate at Eastern Correctional Facility in Ulster County, was waiting in line in the main yard with other inmates to use a telephone. Upon noticing that other inmates were not waiting on line but were instead going straight to the front, claimant went inside to the telephone room to notify a correction officer. When no action was taken, claimant returned to his place. As he returned, several inmates confronted him and asked him if he was a "snitch".

After waiting his turn and completing his call, claimant was assaulted by an unknown prisoner as he was leaving the area due to his earlier notification that some inmates were monopolizing the line. A brief struggle ensued which resulted in no visible bleeding. Apparently, no correction officers saw the struggle. Concluding that he had only been punched, claimant ultimately returned to his cell. Several hours thereafter, he was questioned by a correction officer who had recently learned of the incident. Claimant was taken to the infirmary for medical attention and was later transported to the hospital where he was found to have internal bleeding. This action was later commenced against the State alleging negligent supervision. After trial, the Court of Claims found that claimant had failed to sustain his burden of proving that the State's negligence was a proximate cause of his injuries. Claimant now appeals.

It is beyond cavil that in its prison facilities "the State has a duty to provide inmates with reasonable protection against foreseeable risks of attack by other prisoners" (*Sebastiano v State of New York*, 112 AD2d 562, 564; *see*, *Dizak v State of New York*, 124 AD2d 329), but "the State is not an insurer against any injuries which might occur" (*Casella v State of*

*New York*, 121 AD2d 495). Here, claimant failed to present any evidence that the State failed to take reasonable precautions to protect him from a foreseeable risk of attack. There was no showing that claimant was a known assault risk (*see, Sebastiano v State of New York, supra*), that the State, with ample notice of a threat of attack, had an opportunity to intervene and failed to do so (*see, White v State of New York*, 167 AD2d 646), or that the assailant was prone to perpetrating such an assault and that the State failed to take appropriate protective measures (*see, Casella v State of New York, supra*).

Claimant's own testimony established that a sudden assault occurred by an unknown assailant. Testimony by the State revealed that at least 10 correction officers were assigned to the yard at such time, with three more assigned to the wall towers to look down onto the yard. Both the correction officer assigned to the wall tower and the correction officer assigned to the bleacher area were specifically assigned to oversee the telephone line.* Finally, there was no testimony that there were repeated problems occurring there. Hence, even acknowledging our broad authority to review this verdict (*see, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492; *Carter v State of New York*, 194 AD2d 967), we find no error in the determination below (*see, Dizak v State of New York, supra*, at 331).

Finding no basis to disturb the judgment, we affirm.

Mikoll, J. P., Crew III, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* While one would expect that with the attendant supervision described by the State, the struggle described would have been seen and reported, we note that even this temporary inattention still does not necessarily rise to a finding of negligence in the absence of a showing of "an especially dangerous situation which required constant and unremitting supervision" (*Mobley v State of New York*, 1 AD2d 731, 732; *see, Padgett v State of New York*, 163 AD2d 914, *lv denied* 76 NY2d 711).