■ Jean Pierrelouis, Appellant, v State of New York, Respondent. [682 NYS2d 110] —Graffeo, J. Appeal from a judgment

of the Court of Claims (Hanifin, J.), entered November 11, 1997, upon a decision of the court following a bifurcated trial in favor of the State on the issue of liability.

On February 16, 1996, claimant, an inmate at Sullivan Correctional Facility in Sullivan County, was assaulted by another inmate while taking a shower. Claimant thereafter commenced this negligence action against the State. After conducting a bifurcated trial on the issue of liability, the Court of Claims dismissed the claim, concluding that the State did not violate a duty to claimant by failing to intervene or prevent the assault. This appeal ensued.

Claimant alleges that Correction Officer Scott Robisch violated keeplock regulations by permitting the assailant to leave his cell without conducting a pat frisk. Robisch testified that he was summoned to an inmate's cell, where he observed liquid on the floor in and outside of the cell. After the inmate explained that he had spilled water on the floor, Robisch allowed the inmate to leave his cell to get a mop in order to clean up the spill. After the cell door was opened, the inmate walked past the area where the mops were stored, ignored Robisch's orders to stop and walked into the shower area. The inmate then attacked claimant with the cap of a can. Witnessing the assault, Robisch summoned a response team by using his personal alarm system. The response team arrived shortly thereafter to intervene, but by that time claimant had been cut.

It is well settled that "the State has a duty to provide inmates with reasonable protection against foreseeable risks of attack by other prisoners" (*Sebastiano v State of New York*, 112 AD2d 562, 564; *see, Dizak v State of New York*, 124 AD2d 329), but "the State is not an insurer against any injuries which might occur. There must be a demonstration of a lack of reasonable care" (*Casella v State of New York*, 121 AD2d 495, 495-496; *see, Stanley v State of New York*, 239 AD2d 700). We find that claimant has failed to establish that the State breached any duty to claimant.

Claimant has not offered proof to indicate that Robisch violated prison regulations by permitting the inmate to leave his cell to get a mop to clean the cell floor. Prison procedures pertaining to inmates in keeplock require that inmates be frisked before being allowed to enter the general population, such as when leaving their cells to exercise or when exiting the cellblock. Facility procedures do not require an officer to pat frisk an inmate leaving his cell to retrieve cleaning materials within the cellblock area. Nor is there any evidence that Ro-

bisch had been aware of any history between the inmates that would cause him to believe that the inmate was a threat to claimant.

Claimant additionally contends that the State was negligent due to Robisch's failure to intervene to stop the fight before the arrival of the response team. Robisch, however, testified that the safety regulations at the facility mandated that when a correction officer witnesses an altercation between inmates, the officer is required to use a "code 11" call and await the arrival of assistance. Robisch claimed that he immediately placed a "code 11" alert and approximately 15 seconds later, additional officers arrived and the fighting was halted. Thus, as claimant has failed to establish that the State breached a duty to claimant to prevent or timely stop the fight from occurring and failed to demonstrate a lack of reasonable care, the Court of Claims properly dismissed the claim.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.