■ WILLIAM BLAKE, JR., Respondent, v STATE OF NEW YORK, Appellant. [686 NYS2d 219] —Cardona, P. J. Appeal from a judgment of the Court of Claims (Patti, J.), entered December 26, 1997, upon a decision of the court following a bifurcated trial in favor of claimant on the issue of liability.

On February 19, 1991, while incarcerated at Shawangunk Correctional Facility in Ulster County, claimant was assaulted by another inmate, Stephen Gonzalez. The assault occurred in one of the two recreation yards reserved for inmates confined to the special housing unit (hereinafter SHU). On the day in question, two inmates were released into each yard for one hour of recreation and three correction officers were assigned to supervise them. Gonzalez had already been released into one yard at the time claimant was brought down for recreation. Claimant entered the yard occupied by Gonzalez with his hands restrained behind his back by handcuffs. The door was closed and claimant proceeded to turn around to face the yard so that his handcuffs could be removed by correction officers. Before the handcuffs were removed, however, Gonzalez charged claimant from across the yard and attacked him with a razor blade. Claimant was cut a number of times before he reached safety.

Claimant commenced this personal injury action against the State alleging negligence. After a bifurcated trial, the Court of Claims found that the State was negligent in failing to take

measures to properly protect claimant from the danger posed by Gonzalez who had a known history of assaultive behavior. The court entered an interlocutory judgment in favor of claimant on the issue of liability and the State appeals.*

It is well settled that the State has a duty to provide inmates with reasonable protection against the foreseeable risk of attacks by other prisoners (*see, Pierrelouis v State of New York*, 255 AD2d 824; *Stanley v State of New York*, 239 AD2d 700; *Dizak v State of New York*, 124 AD2d 329, 330; *Sebastiano v State of New York*, 112 AD2d 562, 564). The State, however, is not an insurer of an inmate's safety (*see, Pierrelouis v State of New York, supra*, at 824; *Stanley v State of New York, supra*, at 700) and an inmate who seeks to hold the State responsible for negligence as the result of an assault must "demonstrate by competent evidence that the State failed to use adequate supervision to prevent that which was reasonably foreseeable" (*Colon v State of New York*, 209 AD2d 842, 843). Notably, " 'a known dangerous prisoner may place the State on notice of an increased likelihood of an assault and impose a heightened duty to take special precautions' " (*Littlejohn v State of New York*, 218 AD2d 833, 834, quoting *Colon v State of New York, supra*, at 843).

In the case at hand, evidence was adduced that just a few months prior to his assault on claimant, Gonzalez had assaulted another inmate with a sharp object in the same recreation yard and correction officers were unable to locate the weapon. Disciplinary action was taken against Gonzalez as a result of that incident. In addition, various correction officers testified to the procedure followed in releasing prisoners into the SHU recreation yards and there was evidence that, on at least one prior occasion when this procedure was followed, one inmate assaulted another. According to the testimony, inmates were searched before they were brought out of their cells and, after being escorted to an area near the yard, pat-frisked. They were then released handcuffed into the yard and the door was secured. Once in the yard, inmates would back up to the entrance door and place their hands through a hatch so that the handcuffs could be removed. As with the attack on claimant, in 1989 an inmate occupying one of the SHU recreation yards attacked another inmate who had just been released into the same yard while he was handcuffed.

In our view, the foregoing evidence supports the Court of Claims' conclusion that the State failed to take measures nec-

* Claimant filed a cross appeal which has since been withdrawn.

essary to protect claimant from the foreseeable risk of being assaulted by Gonzalez (*cf.*, *Stanley v State of New York*, 239 AD2d 700, *supra*). Under the particular facts herein, we find no reason to disturb its finding of liability.

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.