■ LEE EDENS, Respondent, v STATE OF NEW YORK, Appellant. [687 NYS2d 423] —In a claim to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Marin, J.), dated May 19, 1998, as held certain branches of the claimant's motion for leave to file a late claim in abeyance and directed that there be pre-claim discovery.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion is denied.

On October 6, 1995, the claimant, an inmate at the Great Meadow Correctional Facility, allegedly sustained injuries when he was assaulted by other inmates. Although the claimant filed a pro se notice of intention to file a claim within the 90-day period to file a claim, the notice of intention was jurisdictionally defective because it was sent by regular mail (see, Court of Claims Act § 11 [a]; Philippe v State of New York, 248 AD2d 827; Adkison v State of New York, 226 AD2d 409; Curtis v State of New York, 206 AD2d 943; Bogle v State of New York, 175 AD2d 493). Approximately 2 years and 2½ months after the accrual date, the claimant moved for leave to file a late claim.

In determining whether to grant or deny a motion for leave to file a late claim, the court must consider the six factors delineated in Court of Claims Act § 10 (6). Those factors are not exhaustive and the presence or absence of any one factor is not controlling (*see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys.*, 55 NY2d 979, 981; *Matter of Gavigan v State of New York*, 176 AD2d 1117, 1118; *Kelly v State of New York*, 88 AD2d 613). The claimant proffered no excuse for the delay in filing a claim. Furthermore, the Court of Claims correctly determined that the claim does not appear meritorious, as the claimant did not specify how the State failed to provide inmates with reasonable protection against foreseeable risks of attack by other prisoners (*see,* Court of Claims Act § 11 [b]; *Pierrelouis v State of New York*, 255 AD2d 824; *Morales v County of Westchester*, 250 AD2d 580; *Stanley v State of New York*, 239 AD2d 700; *Caruso v County of Suffolk*, 234 AD2d 495; *White v State of New York*, 167 AD2d 646; *Casella v State of New York*, 121 AD2d 495; *Sebastiano v State of New York*, 112 AD2d 562, 564).

Nevertheless, the Court of Claims held the motion in abeyance for 90 days to allow the New York State Department of Correctional Services to provide the claimant with all reports concerning the alleged assault. The Court of Claims abused its discretion in *sua sponte* ordering pre-claim discovery (*see,* Court of Claims Act § 17 [2]; CPLR 3102 [f]) since pre-claim discovery may not be used for the purpose of permitting the claimant to ascertain whether facts supporting a cause of action actually exist (*see, Matter of Scattoreggio v Cablevision Sys. Corp.*, 203 AD2d 468; *Matter of Stewart v New York City Tr. Auth.*, 112 AD2d 939, 940; *State of New York v Braunstein*, 66 AD2d 885; *Matter of Houlihan-Parnes, Realtors [Cantor, Fitzgerald & Co.]*, 58 AD2d 629, 630). Therefore, since the claim does not appear to be meritorious, the motion for leave to file a late claim should have been denied (*see, Savino v State of New York*, 199 AD2d 254).

Moreover, the Court of Claims was correct in declining to treat the notice of intention as a claim since the notice of intention did not contain facts sufficient to constitute a claim (*see,* Court of Claims Act § 10 [8]; § 11 [b]). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.