■ DANIEL SERPA, Respondent, v COUNTY OF NASSAU, Appellant. [720 NYS2d 546] —In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated July 5, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the plaintiff's cause of action pursuant to 42 USC § 1983, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action against the County of Nassau, inter alia, to recover damages for personal injuries he suffered when he was allegedly raped while an inmate at the Nassau County Correctional Facility.

The Supreme Court properly denied that branch of the County's motion which was for summary judgment dismissing the plaintiff's complaint insofar as it seeks to recover damages for the County's negligence. "It is well established that correctional officials have a duty to use reasonable care to protect inmates from the foreseeable risks of harm, including risks of attack by other prisoners" (Caruso v County of Suffolk, 234 AD2d 495; see, Blake v State of New York, 259 AD2d 878; Colon v State of New York, 209 AD2d 842). In this case, triable issues of fact exist as to whether the County "failed to use adequate supervision to prevent that which was reasonably foreseeable" (Colon v State of New York, supra, at 843; see, Blake v State of New York, supra).

The Supreme Court, however, improperly denied that branch of the County's motion which was for summary judgment dismissing the plaintiff's complaint insofar as it alleged a violation of 42 USC § 1983, as there was no evidence that any alleged violation of the plaintiff's constitutional rights resulted from a County custom or policy (see, Monell v Department of Social Servs., 436 US 658, 694; Dwares v City of New York, 985 F2d 94; Ricciuti v New York City Tr. Auth., 941 F2d 119, 122). O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.