■ DARRYL SMITH, Appellant, v STATE OF NEW YORK, Respondent. [728 NYS2d 530] —Mugglin, J. Appeal from a judgment of the Court of Claims (Marin, J.), entered February 28, 2000, upon a decision of the court in favor of the State.

Claimant, a former correction officer for the City of New York working at Rikers Island, is serving a sentence of 25 years to life as a result of his murder conviction. On January

20, 1996, while housed in the general prison population at Sullivan Correctional Facility in Sullivan County, he was assaulted by two fellow inmates who entered his cell, punched him, stabbed him with a 9¼-inch sharpened metal rod and robbed him of personal property. In this action, claimant seeks monetary damages based on the alleged negligence of the State (1) in failing to assign him to segregated housing despite his vulnerable status as a former correction officer, (2) in inadequately supervising his attackers, and (3) in failing to intervene in time to prevent his injuries. Following a one-day trial, the Court of Claims dismissed the claim and claimant appeals.

We affirm. The State is required to exercise "reasonable care to protect its inmates from foreseeable risks of harm, including risks of attack by other prisoners" (*Colon v State of New York*, 209 AD2d 842, 843; *see, Dizak v State of New York*, 124 AD2d 329, 300). The State is not, however, an insurer of inmate safety (*see, Auger v State of New York*, 263 AD2d 929, 930; *Littlejohn v State of New York*, 218 AD2d 833, 834). To establish liability against the State, one of the following must be shown: (1) the victim was known to be at risk and the State nonetheless failed to take reasonable steps to protect him or her (*see, Stanley v State of New York*, 239 AD2d 700, 701; *Sebastiano v State of New York*, 112 AD2d 562, 564), (2) the assailant was known to be dangerous but the State failed to protect other inmates from him or her (*see, Auger v State of New York, supra*, at 931; *Casella v State of New York*, 121 AD2d 495, 496), or (3) the State had both notice and the opportunity to intervene for the purpose of protecting the inmate victim but failed to do so (*see, Schittino v State of New York*, 262 AD2d 824, 825, *lv denied* 94 NY2d 752).

Claimant has made no such showings. First, he failed to establish that the State neglected to take reasonable steps to protect him because of his former employment. Claimant had been assigned to segregated housing for his own protection during the first three years of his incarceration at Clinton Correctional Facility in Clinton County. Upon his transfer to Sullivan Correctional Facility, however, claimant affirmatively chose to be housed with the general inmate population and voluntarily accepted assignment in the kitchen where he was exposed to large numbers of inmates each day. Further, claimant declined the option of keeping his cell door locked during recreation periods when other cells on the tier were automatically opened, a safeguard that would have prevented this attack. Moreover, he had been housed at Sullivan Correctional Facility

without incident for approximately three years prior to this attack.

Second, claimant failed to establish that either of his assailants was known to be dangerous. Claimant testified that he had no contact of a violent or unpleasant nature with either assailant prior to the attack nor had he had any contact with either of them during his career as a correction officer. Claimant was also unable to prove that any member of the staff at Sullivan Correctional Facility knew that his assailants had a reputation for violence.

Lastly, claimant failed to establish notice to the State, opportunity to intervene and failure to do so. The correction officer on duty at the time testified that at the start of the evening recreation period he is usually the only officer assigned to this two-tier block, which houses approximately 69 inmates. At the time of the assault, he was at one end of the first floor checking out inmates who were going to their recreation period when he heard claimant calling from the opposite end of the second floor. He called for backup assistance and the assailants were apprehended. This record contains no evidence that the State had notice that an assault was about to occur or that its representatives had any opportunity to intervene, given the unexpected nature of the attack.

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.