■ Francisco Sanchez, Appellant, v State of New York, Respondent. [732 NYS2d 471] —Mugglin, J. Appeals (1) from two orders of the Court of Claims (Hanifin, J.), entered June 29, 2000 and July 26, 2000, which, *inter alia*, granted the State's motion for summary judgment dismissing the claim, and (2) from the judgment entered thereon.

Claimant, an inmate at Elmira Correctional Facility, was cut by an unknown assailant in an attack which lasted a maximum of 20 seconds. The attack occurred in the classroom area of the prison as approximately 100 inmates were returning to their cells. Claimant, a classroom aide, was required to remain at the classroom (and was standing in the doorway when attacked) until the correction officer inspected the room. The officer was approximately 60 feet from claimant, attending to returning equipment to a storage room. He came to claimant's aid in less than one minute.

Following joinder of issue, the State moved for summary judgment dismissing the claim. Claimant cross-moved for partial summary judgment on the issue of liability and/or permission to amend the claim. The Court of Claims granted claimant's cross motion to the extent that it permitted amendment of the claim (which did not assert additional causes of action but did supply additional facts) and determined, on the basis of the allegations in the amended claim, that summary judgment dismissing the claim should be granted. Claimant appeals.

In support of his cross motion for summary judgment, claimant submitted an affidavit of an expert witness. This witness, in essence, asserted that generally accepted regulations and principles of penology had been violated as the design of the classroom area made it impossible for a single correction officer to supervise 100 inmates; the correction officer provided inadequate protection by attending to a low priority task of storing equipment in lieu of supervising the inmates while they were moving when assaultive behavior is more likely to occur; claimant was vulnerable to attack because he was required to remain in the classroom door during this time; and these

failures constitute negligent conduct on the part of the State resulting in a breach of its duty to reasonably protect claimant from a foreseeable assault. We disagree and therefore affirm.

It is now well settled that "[t]he State is required to exercise 'reasonable care to protect its inmates from foreseeable risks of harm, including risks of attack by other prisoners' " (*Smith v State of New York*, 284 AD2d 741, 742, quoting *Colon v State of New York*, 209 AD2d 842, 843). To recover, claimant must demonstrate by competent evidence that the State failed to use adequate supervision to prevent that which was reasonably foreseeable (*see, Flaherty v State of New York*, 296 NY 342, 346). However, the State is not an insurer of inmate safety (*see, Auger v State of New York*, 263 AD2d 929, 930; *Littlejohn v State of New York*, 218 AD2d 833, 834). As we held in *Smith v State of New York* (*supra*): "To establish liability against the State, one of the following must be shown: (1) the victim was known to be at risk and the State nonetheless failed to take reasonable steps to protect him or her * * *, (2) the assailant was known to be dangerous but the State failed to protect other inmates from him or her * * * or (3) the State had both notice and the opportunity to intervene for the purpose of protecting the inmate victim but failed to do so" (*id.*, at 742 [citations omitted]).

As is evident from these principles, while a duty to protect an inmate from an assault by another inmate exists, the key to liability is whether such act is reasonably foreseeable. "When a duty exists, nonliability in a particular case may be justified on the basis that an injury is not foreseeable. In such a case, it can [then] be said that foreseeability is a limitation on duty" (*Pulka v Edelman*, 40 NY2d 781, 786). While, normally, foreseeability is a question of fact (*see, Ingenito v Robert M. Rosen, P. C.*, 187 AD2d 487, *lv denied* 81 NY2d 705), no question of fact is raised here by claimant since there is a total absence of proof by him that he was known to be at risk or that his assailant was known to be dangerous. He, therefore, failed to demonstrate that it was foreseeable that he would be assaulted. He cannot identify his assailant so there is no showing that the State failed to protect him from a known dangerous person. In fact, claimant's testimony was that he had experienced no trouble with anyone in the classroom area at any previous time. In addition, claimant testified that the attack was a complete surprise to him, which testimony negates notice to the State and an opportunity to intervene to protect him.

There is no showing that closer supervision might have

prevented claimant's injuries (*see, Donald v State of New York,* 158 AD2d 366). Absent such specific notice to the State of the above factors, "unremitting supervision * * * was unnecessary" (*Colon v State of New York, supra,* at 844). Indeed, even the total absence of any guard within the area at the time of the incident would be insufficient to impose liability, absent a showing that prison officials had notice of "an especially dangerous situation" (*Padgett v State of New York,* 163 AD2d 914, 915, *lv denied* 76 NY2d 711).*

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the orders and judgment are affirmed, without costs.

---

* Claimant cites *Sebastiano v State of New York* (112 AD2d 562), *Littlejohn v State of New York* (218 AD2d 833, *supra*) and *Blake v State of New York* (259 AD2d 878) as support for his theory of negligence on the part of the State. Such reliance is misplaced. Not only did the State recognize that the claimant in *Sebastiano* was known to be at risk, the State locked him in a cell for his own protection but failed to secure the area, allowing an assailant access to him. Both claimants in *Littlejohn* and *Blake* were attacked by prisoners known to be dangerous because of their prior assaultive behavior.