■ In the Matter of DANYELL SANDLIN, Appellant, v STATE OF NEW YORK, Respondent. [742 NYS2d 171] —Carpinello, J. Appeal from an order of the Court of Claims (McNamara, J.), entered March 26, 2001, which denied claimant's application

pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

Claimant contends that the Court of Claims abused its discretion in denying a December 2000 application for permission to file a late notice of claim pursuant to Court of Claims Act § 10 (6). According to the proposed claim, while incarcerated in the Adirondack Correctional Facility in Essex County, claimant was assaulted on eight occasions between April 16, 1998 and March 11, 1999 by various inmates and, on one of these occasions, by two correction officers. He alleges that he suffers from unspecified permanent mental and physical injuries as a result of the State's negligence in "allowing" these assaults to take place. Finding no abuse of the Court of Claims' broad discretion in denying the motion, we affirm.

In his affidavit in support of the motion, claimant argues that his failure to timely file a claim was due to his lack of awareness "of the short filing period," a factor "compounded by [his] incarceration." As to this latter factor, he specifically claimed that he was unable to confer with counsel and lacked access to legal references. To be sure, ignorance of the law is not an acceptable explanation for the failure to serve a timely notice of claim (*see, Matter of Galvin v State of New York*, 176 AD2d 1185, *lv denied* 79 NY2d 753; *see also, Matter of E.K. v State of New York*, 235 AD2d 540, *lv denied* 89 NY2d 815; *see generally, Matter of Dancy v Poughkeepsie Hous. Auth.*, 220 AD2d 413). Similarly, conclusory allegations that one is incarcerated and without access to legal references have also been rejected as a reasonable explanation (*see, e.g., Matter of Thomas v State of New York*, 272 AD2d 650, 651; *Matter of Sevilla v State of New York*, 145 AD2d 865, 866, *lv denied* 74 NY2d 601).*

With respect to the State's alleged notice of the facts underlying the claim and concomitant opportunity to investigate, claimant alleges that each of the incidents was investigated and reports generated. Even assuming this to be true, same cannot fairly be said to have apprised the State of the precise claim now being asserted, namely, that it *permitted* or is somehow responsible for such assaults (*see generally, De Jesus v County of Albany*, 267 AD2d 649; *Weber v County of Suffolk*, 208 AD2d 527, 528). As to whether claimant established the existence of a meritorious cause of action, he merely asserted that the claim was "based upon a series of attacks and assaults which were allowed to be perpetrated against [him] through

_____

* We have not considered materials dehors the record in reviewing the decision of the Court of Claims.

the negligence of certain officials and/or employees of the [S]tate by their failure in taking a correct course of action and/or following proper procedures." These allegations are too general, conclusory and factually unsupported to establish a meritorious claim (*see, Sevillia v State of New York*, 91 AD2d 792). In sum, claimant's allegations do not remotely demonstrate that the State failed to exercise reasonable care to protect him from any foreseeable risk of harm (i.e., claimant provided no facts or evidence establishing that he was known to be at risk at the subject correctional facility but the State nonetheless failed to take reasonable steps to protect him, that any of his assailants was known to be dangerous or that the State, despite notice and opportunity, failed to prevent any of the attacks) (*see, e.g., Smith v State of New York*, 284 AD2d 741, 742; *Auger v State of New York*, 263 AD2d 929, 930-931; *Littlejohn v State of New York*, 218 AD2d 833, 834-835; *Colon v State of New York*, 209 AD2d 842, 843-844).

Thus, since claimant failed to offer an acceptable excuse for his delay in filing the claim, since the claim itself is of questionable merit and since there has been an insufficient showing that the State had notice of it, the discretionary denial of claimant's motion will not be disturbed (*see, Matter of P.A. v State of New York*, 277 AD2d 671; *Matter of Thomas v State of New York, supra; see also, Matter of E.K. v State of New York, supra*).

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.