DONALD A. GANGLER, JR., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 96352.) [755 NYS2d 174] —Appeal from a judgment of the Court of Claims (Fitzpatrick, J.), entered March 19, 2001, which dismissed the claim upon a decision of the court.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the claim is reinstated and a new trial is granted.

Memorandum: Claimant, an inmate at a state correctional facility, appeals from a judgment dismissing his negligence claim seeking damages for injuries that he sustained while working as a plumber there. According to the evidence presented at trial, a correction officer had escorted claimant, who was carrying a box of tools, first to a utility corridor to turn off the water and then to a shower area to fix a valve. The correction officer left the shower area to lock the door and gate to the utility corridor and to afford another inmate access to an area approximately 25 feet from the gate to the shower area. During the correction officer's absence, claimant was assaulted from behind and lost consciousness. He recalled waking up next to his toolbox, bleeding, with his right eye swollen shut and with blurred vision in his left eye. It is undisputed that, after the assault, a sergeant supervising the area where the assault occurred ordered that "nobody's to go on any Company unescorted if they do not belong there." In dismissing the claim, the Court of Claims applied what appeared at the time to be the proper standard according to recent Appellate Division decisions (*see Sanchez v State of New York,* 99 NY2d 247, 254) and determined that, as an inmate, claimant was entitled to recover only if (1) he was known to be at risk and defendant failed to provide reasonable protection; (2) defendant had notice that the assailant was particularly prone to perpetrating such an assault and defendant failed to provide reasonable protection; or (3) defendant had ample notice and opportunity to intervene in order to protect claimant and failed to do so (*see e.g. Smith v State of New York,* 284 AD2d 741, 742). During the pendency of this appeal, however, the Court of Appeals in

*Sanchez* (99 NY2d at 255) clarified that the proper standard is whether defendant knew or reasonably should have known that the inmate claimant was at risk of harm. Here, the standard applied to claimant was more stringent than that set forth in *Sanchez,* and thus we conclude that claimant is entitled to a new trial (*see generally Fried v Straussman*, 41 NY2d 376, 378, *rearg denied* 41 NY2d 1009). Present—Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.