# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1294**

**CA 11-02541**

PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

CRAIG MELVIN, CLAIMANT-APPELLANT,

                            V                              MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 107704.)

---

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR CLAIMANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Nicholas V. Midey, Jr., J.), entered August 31, 2011.  The judgment dismissed the claim after trial.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum:  Claimant, an inmate at a state correctional facility operated by defendant, State of New York (State), commenced this action alleging that the State was negligent and thus was liable for injuries he sustained when he was assaulted by a fellow inmate. Following a nonjury trial on the issue of liability, the Court of Claims determined that the State was not negligent and dismissed the claim.  Claimant now appeals, and we affirm.

"The State's duty to an incarcerated person encompasses protection from the foreseeable risk of harm at the hands of other prisoners.  Because the State is not an insurer of an inmate's safety, it will be liable in negligence for an assault by another inmate only upon a showing that it failed to exercise adequate care to prevent that which was reasonably foreseeable" (*Schittino v State of New York*, 262 AD2d 824, 825, *lv denied* 94 NY2d 752; *see Sanchez v State of New York*, 99 NY2d 247, 252-253; *Newton v State of New York*, 283 AD2d 992, 993).

Here, the court found that it was not reasonably foreseeable that a hotpot would be used to assault claimant.  The court also found that it was not reasonably foreseeable that the inmate assailant would assault claimant inasmuch as the inmate assailant had not been cited for any violent behavior for over three years and there was no history of violence between the two inmates (*cf. Blake v State of New York*,

259 AD2d 878, 879; *Littlejohn v State of New York*, 218 AD2d 833, 834-835).  "Where, as here, the court's decision is based upon a fair interpretation of the evidence, it will not be disturbed on appeal" (*Newton*, 283 AD2d at 993).  Thus, the claim was properly dismissed.

Entered:  December 21, 2012                  Frances E. Cafarell
                                             Clerk of the Court