# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**13**

**CA 14-01350**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

ERIC ANDERSON, CLAIMANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.
(CLAIM NO. 112563.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC ANDERSON, CLAIMANT-RESPONDENT PRO SE.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Court of Claims (Stephen J. Lynch, J.), entered November 13, 2013. The judgment awarded the claimant money damages as against defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the claim is dismissed.

Memorandum: Defendant, State of New York (State), appeals from a judgment awarding claimant money damages stemming from an incident in which claimant, who was an inmate at a state correctional facility, was assaulted by a fellow inmate. The Court of Claims determined that the State was negligent in failing to provide adequate staffing for the mess hall. The State appeals, and we now reverse and dismiss the claim.

"On appeal from a judgment following a bench trial, this Court may 'independently consider the probative weight of the evidence and the inferences that may be drawn therefrom, and grant the judgment that we deem the facts warrant' " (*Blakesley v State of New York*, 289 AD2d 979, 979, *lv denied* 98 NY2d 605; *see Baba-Ali v State of New York*, 19 NY3d 627, 640). We conclude upon our review of the record that the court's verdict was not based on a fair interpretation of the evidence (*see generally Farace v State of New York*, 266 AD2d 870, 870). The State's duty to safeguard inmates "is limited to risks of harm that are reasonably foreseeable" (*Sanchez v State of New York*, 99 NY2d 247, 253; *see Melvin v State of New York*, 101 AD3d 1654, 1654-1655; *Padgett v State of New York*, 163 AD2d 914, 914, *lv denied* 76 NY2d 711), and we conclude that claimant failed to demonstrate that the State did not provide adequate supervision to prevent a risk of harm that was reasonably foreseeable (*see generally Sanchez v State of New York*, 36 AD3d 1065, 1067, *lv denied* 8 NY3d 815; *Harris v City of*

*New York*, 28 AD3d 223, 223, *lv denied* 7 NY3d 704).

Here, the evidence established that there was no history of violence between the two inmates and no indication that the other inmate posed a threat to claimant (*see Melvin*, 101 AD3d at 1655; *Vasquez v State of New York*, 68 AD3d 1275, 1276).  Claimant testified that there were about 30 inmates and one correction officer in the mess hall at the time of the incident.  He presented evidence that the inmate stabbed him with the handle of a plastic toothbrush that had been sharpened to a point, and that the correction officer ordered them to stop fighting and banged his baton on a table to call for assistance.  The State submitted evidence that inmates had to empty their pockets and go through a metal detector before entering the mess hall.  The State further submitted evidence that it was appropriate to have one correction officer supervising up to 40 inmates, and that the correction officer's response to the attack was appropriate.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court