# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**25**

**CA 14-01349**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

DANIEL WILLIAMS, CLAIMANT-RESPONDENT,

V                                                                MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)
(CLAIM NO. 114956.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF COUNSEL), FOR DEFENDANT-APPELLANT.

DANIEL WILLIAMS, CLAIMANT-RESPONDENT PRO SE.

---

Appeal from a judgment of the Court of Claims (Stephen J. Lynch, J.), entered November 12, 2013. The judgment awarded the claimant money damages as against defendant.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the claim is dismissed.

Memorandum: Claimant, an inmate at a state correctional facility, commenced this action alleging that defendant, State of New York (State), was negligent and thus was liable for injuries sustained by claimant when he was assaulted by three fellow inmates. Following a trial, the Court of Claims determined that the State was negligent and awarded claimant $12,500 in damages, plus interest. The State appeals.

We reverse, inasmuch as we conclude that the verdict in favor of claimant was not based on a fair interpretation of the evidence (*see generally Farace v State of New York*, 266 AD2d 870, 870). It is well settled that "[t]he mere occurrence of an inmate assault, without credible evidence that the assault was reasonably foreseeable, cannot establish the negligence of the State" (*Sanchez v State of New York*, 99 NY2d 247, 256). The State owes a duty to inmates to protect them from risks of which the State is actually aware as well as risks that the State "should reasonably have foreseen in the circumstances presented" (*id.*). Prior to the subject assault, claimant was involved in an altercation with an apparent gang member at Attica Correctional Facility (Attica). The gang member was not one of the subject attackers, but claimant testified that the attackers were in the same housing unit and the same "company" with that apparent gang member at Attica. On the same day, during a bus ride to Southport Correctional

Facility, the attackers brought up the earlier altercation with claimant and claimant felt threatened to some extent, but he did not alert any prison officials.  Subsequently, claimant and the three subject attackers were all placed in the same holding pen during a stop at Wende Correctional Facility to change buses.  Claimant was then assaulted.  There is no record evidence to establish that prison officials were aware of a risk of harm to claimant posed by the three Attica inmates and, similarly, there is no evidence that the State should have foreseen the assault upon claimant (*see Melvin v State of New York*, 101 AD3d 1654, 1654-1655; *Vasquez v State of New York*, 68 AD3d 1275, 1276-1277; *Padgett v State of New York*, 163 AD2d 914, 914-915, *lv denied* 76 NY2d 711).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court