McGee v. State, No. 733-11-06 Wncv (Crawford, J., Feb. 11, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT
## WASHINGTON COUNTY

| | | |
|---|---|---|
| **David McGee,** | ) | |
| **Plaintiff,** | ) | **Washington Superior Court** |
| | ) | **Docket No. 733-11-06 Wncv** |
| **v.** | ) | |
| | ) | |
| **State of Vermont,** | ) | |
| **Defendant.** | ) | |

### Decision re: All Pending Motions

Plaintiff David McGee, an inmate in the custody of the Vermont Department of Corrections, claims that the State negligently failed to protect him from injuries suffered when another prisoner attacked him in his cell. He claims that the attack occurred because the officer responsible for supervising his "pod" left it unsupervised. He does not allege that DOC officers did anything else negligent that directly caused the attack. Along with ordinary negligence, he claims negligence per se, negligent supervision, medical malpractice, and negligent infliction of emotional distress. The State seeks summary judgment on all claims.

*Procedural posture*

Mr. McGee has not filed a Rule 56(c) opposition to summary judgment. He has responded to the State's motion only by seeking to reopen and continue discovery. Mr. McGee concedes that, without more discovery, he "cannot at this time present evidence and facts by affidavit essential to justify a forthcoming summary judgment opposition." See Plaintiff's Rule 56(f) Motion for a Continuance at 1 (filed July 20, 2009).

The court declines to reopen discovery or prolong summary judgment proceedings further. The original complaint was filed in November 2006. In January 2008, Judge Pearson extended Judge Teachout's March 2007 pretrial order by ordering that all discovery had to be completed and the case ready for trial no later than July 1, 2008. Shortly after discovery closed according to that order, Judge Pearson denied a renewed motion by Mr. McGee seeking discovery sanctions, as follows:

> *DOC has effectively exhausted its ability to produce documents responsive to Plaintiff's requests, as ordered by the court.* Requiring DOC to supply the detailed, itemized information regarding "lost" documents no longer available to DOC would be an impermissible burden not likely to advance ultimate determination of the merits. . . . It is now clear that Plaintiff has sufficient minimal information (maybe not optimal, but adequate) to ascertain whether expert testimony can be presented as to DOC's applicable standard of care, & whether that standard was allegedly violated here.

Entry Regarding Motion (filed Aug. 8, 2008) (emphasis added). Plaintiff had disclosed no

experts at that time.

In a separate entry on the same day, Judge Pearson ruled as follows:

(1) It is clear that, except for pending motion(s) to compel just recently filed by Plaintiff re: previously pending Interrogatories & Requests to Produce, that efforts at such written discovery have now been effectively exhausted by/on both sides. Accordingly, further written discovery & production of documents is now closed. . . .

(2) The tenor, and detailed content of Plaintiff's numerous filings all indicate he already knows more about DOC policies, practices, & actual facts re: events/issues presented, than he is likely to obtain by additional written discovery.

Judge Pearson extended the deadline for Mr. McGee to disclose experts to October 31, 2008 and ordered that the case be ready for trial no later than February 28, 2009.

Judge Toor later denied the outstanding motion to compel, reiterating Judge Pearson's determination that the DOC had exhausted its ability to produce written discovery responsive to Mr. McGee's requests. See Entry Regarding Motion (filed Oct. 17, 2008). Following this ruling, with all discovery again finally closed, Mr. McGee filed a discovery-related reconsideration motion, a motion requesting that the court appoint an expert witness for him, and a motion seeking to disqualify Judge Toor. All of these motions were denied.

In February 2009, the State filed its summary judgment motion. On April 2, 2009, Judge Toor extended the deadline for Mr. McGee's response to April 30, 2009, as he had requested. On June 10, 2009, Judge Toor further extended the deadline for Mr. McGee's response to June 15, 2009, as he had requested. On June 8, 2009, Mr. McGee requested a third extension, until July 30, 2009. After the second extension had expired, and before the court ruled on Mr. McGee's request for a third extension, he filed a motion for continuance seeking to reopen discovery pursuant to Rule 56(f) and extend the period for response to the summary judgment motion until September 30, 2009. See Plaintiff's Rule 56(f) Motion for a Continuance (filed July 20, 2009).

On July 27, 2009, three days short of the end of the third requested extension, Judge Toor denied the third extension, explaining, "You have had more than adequate time, and repeated extensions." On August 13, 2009, Mr. McGee filed a motion seeking reconsideration of this decision. On October 5, 2009, he filed a new motion seeking to enlarge the time for response for an indefinite period, until 45 after the court rules on his "Rule 56(f) Motion for a Continuance."

*Plaintiff's Request for Rule 56(f) Relief*

Mr. McGee's request for Rule 56(f) relief is denied. It was filed long out of time, five months after the State filed its summary judgment motion, and after the final approved extension had expired.

2

The request also is denied because the relief sought is inappropriate at this stage of the case. In the request, Mr. McGee essentially restates issues that already have been decided by Judges Pearson and Toor, and seeks to have them reconsidered once more, after earlier reconsideration motions were denied. Discovery has long been closed, and the issues raised under Rule 56(f) have already been decided.

Additionally, Mr. McGee largely fails to show any likelihood that he would be able to show a genuine issue for trial if discovery were reopened. He does not seek one or another specific item of evidence. Rather, he seeks to reopen discovery broadly to continue speculatively probing the DOC. The DOC is not the only source of evidence in this case. However, Mr. McGee has disclosed no experts, and has not described what testimony, if any, he anticipates from other witnesses, evidently attempting to make his entire case, at least his entire opposition to summary judgment, on written discovery from the State. Simply alleging in conclusory fashion that the DOC is the exclusive source of evidence is insufficient.

### *Plaintiff's Motion for Reconsideration and Motion for Enlargement of Time*

Plaintiff's motion seeking reconsideration of the denial of his third request for an extension of the time to respond to the State's summary judgment motion, and his motion for a 45-day extension following decision on his Rule 56(f) motion are denied. Mr. McGee has had nearly a year to come forward with whatever evidence and argument he believes will show the need for trial. Rather than doing so, he conceded that he possesses no such evidence, and again sought reconsideration of long-determined discovery disputes under the guise of Rule 56(f). He has disclosed no experts. Having conceded that he cannot demonstrate a genuine issue for trial, he has not explained why he still needs more time to respond. There is no sound reason to delay a ruling on the State's motion any longer.

### *The State's Motion for Summary Judgment*

#### *Negligence*

Mr. McGee's principal claim is that the DOC negligently failed to protect him from the inmate(s) who attacked him. He claims that the officer in his "pod" exited it, leaving the inmates "completely unsupervised." While completely unsupervised, he alleges, an inmate entered his cell and attacked him.

Most courts have followed the approach of Restatement (Second) of Torts § 320 in cases of inmate-on-inmate violence. See *Butler v. Bayer*, 168 P.3d 1055, 1063 (Nev. 2007); see generally Annotation, *Liability of prison authorities for injury to prisoner directly caused by assault by other prisoner*, 41 A.L.R.3d 1021 (1972). Section 320 provides:

> One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal power of self-protection or to subject him to association with persons likely to harm him, is under a duty to exercise reasonable care so to control the conduct of third persons as to prevent them from intentionally harming the other or so conducting

3

themselves as to create an unreasonable risk of harm to him, if the actor

> (a) knows or has reason to know that he has the ability to control the conduct of the third persons, and

> (b) knows or should know of the necessity and opportunity for exercising such control.

Restatement (Second) of Torts § 320. Generally, the duty arises "when the jailer knows or, in the exercise of reasonable care, should know of the danger of attack." *Cooney v. Hooks*, 535 N.W.2d 609, 611 (Minn. 1995).

Mr. McGee concedes that he had no specific reason to fear an attack from the inmate who attacked him, nor had he expressed such a fear to the DOC. The record is devoid of any evidence that the DOC actually knew of any danger of attack.

Mr. McGee's claim is that the DOC should have known that an attack would occur if the inmates in his pod were unsupervised. There are several problems with this claim on this record. First, despite the allegation, there is no evidence in the record indicating that the inmates were completely unsupervised during the attack. Mr. McGee says he *believes* that one of the officers in his pod had exited it at the time of the attack, but he admits that he has no such personal knowledge and has not indicated that any other eyewitnesses would so testify. He also has not responded to the State's alleged undisputed fact, which has evidentiary support, that *both* officers were in the pod at the time of the attack and thus there was no lack of supervision, much less a complete lack of supervision.

The record also contains no evidence indicating that a short period of supervision necessarily would be negligent as a general matter. While a lack of supervision may create a possibility of misbehavior, when it creates a probability of it would depend on the specific standard of care that applies in the particular circumstances of this case (the type of supervision required by the specific inmate population in Mr. McGee's pod). There is no shortage of cases in which inmate-on-inmate violence occurred during a period in which inmates were not supervised, or were not supervised enough, and yet no negligence was found. See, e.g., *Butler v. Bayer*, 168 P.3d 1055, 1065 (Nev. 2007); *Stewart v. Ohio Dep't of Rehabilitation and Correction*, No. 02AP-1203, 2003 WL 21470371, *3 (Ohio App. 10 Dist.); *Sanchez v. State*, 732 N.Y.S.2d 471, 474 (N.Y. App. Div. 2001). This claim would require expert testimony to explicate the standard of care and to indicate that it was breached in this case (assuming there was a lack of supervision). Mr. McGee has disclosed no experts.

Similarly, the record is devoid of evidence that the attacking inmate was so especially dangerous that he needed to be supervised at all times. There simply is no showing that "closer supervision might have prevented [Mr. McGee's injuries]" or that "unremitting supervision . . . was necessary." *Sanchez,* 732 N.Y.S.2d at 474 (citations omitted).

The State is entitled to summary judgment on Mr. McGee's negligence claim.

4

*Negligence per se*

Mr. McGee's negligence per se claim is unclear. Presumably, he intends that the court would instruct the jury that if he proves a safety violation, then the jury must find negligence.

In Vermont, however, the violation of a safety statute is not negligence per se. Rather, it gives rise to an evidentiary presumption of negligence that shifts the burden of production to the defendant. If the defendant produces evidence that there was no negligence, then the presumption goes away, and the plaintiff is left to prove its case. See *Barber v. LaFromboise*, 2006 VT 77, ¶ 21, 180 Vt. 150; V.R.E. 301. While this rule has been criticized, it remains the law in Vermont. See *Marzec-Gerrior v. D.C.P. Industries, Inc.*, 164 Vt. 569, 572–77 (1995) (Dooley, J., concurring) (criticizing the presumption-of-negligence rule).

Negligence per se is irrelevant in this case because Mr. McGee has not shown any likelihood of proving a violation of a safety statute, and even if he had, the State has come forward with evidence that its officers were not negligent (alleging that both were present supervising the pod at the time of the attack), making any presumption go away.

*Negligent supervision*

Mr. McGee's negligent supervision claim appears to be that the State must have derivative liability for its officer's negligent act of leaving Mr. McGee's pod completely unsupervised. This claim is untenable because a negligent supervision claim must be predicated on an underlying negligence claim. See Restatement (Second) of Agency § 213 cmt. a ("Liability exists only if all the requirements of an action of tort for negligence exist."). The underlying negligence claim is disposed of above. Additionally, there is no record evidence of any negligence in the training or supervising by any DOC officials that would be responsible for any officer's liability for negligence. Negligent supervision is not derivative of the underlying tort; it is an "entirely separate and distinct type of liability." *Turner v. Roman Catholic Diocese of Burlington*, No. 08-003, 2009 WL 3233764, ¶ 51 n.10 (Vt. Oct. 9, 2009) (quoting *Brueckner v. Norwich University*, 169 Vt. 118, 126 (1999)).

*Medical malpractice*

Mr. McGee claims that most of the care he received upon admission to the emergency room, and after he was discharged, was negligent. Among other things, he claims that certain tests, such as x-rays, should have been conducted but were not, and different medication should have been prescribed for pain control. Mr. McGee has not, however, described instances of medical negligence that are so obvious that a jury could reasonably determine them without the guidance of expert testimony. The elements of a medical malpractice claim ordinarily "must be proved by expert testimony." *Begin v. Richmond*, 150 Vt. 517, 520 (1988); see 12 V.S.A. § 1908 (setting out the elements of a medical malpractice claim). Mr. McGee has disclosed no such expert.

5

*Negligent infliction of emotional distress*

Mr. McGee explains, in the amended complaint, his negligent infliction of emotional distress claim as seeking damages for emotional injuries caused by the DOC's negligence in allowing the attack and negligent supervision. That is, he seeks emotional distress damages due to the physical injuries suffered in the attack. This negligent infliction of emotional distress claim is subsumed by his two other negligence claims because those claims, if proven, already would allow for recovery of these damages. He has not described a stand-alone negligent infliction of emotional distress claim. His other two negligence claims are disposed of above.

Because the State's summary judgment motion is granted for the reasons described above, the court does not need to address the State's other arguments.

**Order**

For the foregoing reasons:

(1) the State's motion for summary judgment (filed February 26 2009) is granted;

(2) Mr. McGee's Rule 56(f) motion for a continuance (filed July 20, 2009) is denied;

(3) Mr. McGee's motion for reconsideration (filed August 13, 2009) is denied; and

(4) Mr. McGee's motion for enlargement of time (filed October 5, 2009) is denied.

Dated at Montpelier, Vermont this _____ day of February 2010.

_____
Geoffrey W. Crawford, Presiding Judge

6