■ BRUCE ROUDETTE, Appellant, v STATE OF NEW YORK, Respondent. [638 NYS2d 185] —Casey, J. Appeal from a judgment of the Court of Claims (Bell, J.), entered October 13, 1994, upon a decision of the court in favor of the State.

Claimant, a long-term inmate of the State prison system, was burned when an inmate porter threw a hot liquid into his cell. On the preceding evening, when claimant arrived at Clinton Correctional Facility in Clinton County from another correctional facility, he was interviewed and requested voluntary protective custody due to the possible presence of enemies in the prison. However, claimant did not alert the interviewing correction sergeant of his past problems, a specific hazard or a particular urgency to his situation. As claimant's generally expressed concerns failed to identify an imminently dangerous situation, the request was submitted for consideration under regular procedures and claimant was confined in the reception block. While not as secure as the protective custody block because of the limited access of the inmate porters, the reception block is a secure area where arriving inmates are placed in restrictive confinement pending cell assignments.

Claimant filed a claim to recover damages for his injuries. The Court of Claims dismissed the claim after trial, finding no negligence in the State's confinement of claimant in the secure reception area. Claimant appeals. We affirm.

Claimant contends that the Court of Claims erred in measuring the degree of security which was appropriate under the circumstances. Assessing the facts to determine whether the court granted the judgment warranted by the evidence (*see, Freund v State of New York*, 137 AD2d 908, 909) and giving due deference to the trial court's decision (*see, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499), we find no basis to disturb the Court of Claims' conclusion that the State was not negligent in housing claimant. The mere occurrence of an unprovoked, unexplained attack by a fellow inmate who did not have a history of violence and with whom claimant had no prior contact or difficulties, absent circumstances not present here, does not equate to negligence on the part of the prison system (*see, Padgett v State of New York*, 163 AD2d 914, *lv denied* 76 NY2d 711; *see also, Colon v State of New York*, 209 AD2d 842). Claimant was restrictively confined and isolated from the general prison population. His cell was approachable only by a limited number of inmate porters. The use of inmate porters on the restrictive reception block was not shown to create an undue risk to new arrivals such as claimant. Similarly, the porters' access to kitchen facilities was not established to be unreasonable (*see, Dizak v State of New York*, 124 AD2d 329).

Cardona, P. J., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.