23-7710 (L)
*Calix v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> > *Circuit Judges*,
> JANE A. RESTANI,
> > *Judge*.*

---

ANDRE CALIX,

> *Plaintiff-Appellant*,

> v.

UNITED STATES OF AMERICA, LIEUTENANT
THOMAS POPE,

> *Defendants-Appellees*,

FEDERAL BUREAU OF PRISONS, WARDEN
HERMAN QUAY, CORRECTIONAL OFFICER
WHITMAN CHAN, CORRECTIONAL OFFICER
ANDREW LIVINGSTON,

> *Defendants*.

23-7710-pr;
23-7721-pr

---

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

FOR PLAINTIFF-APPELLANT: Andre Calix, *pro se*, Danbury, Connecticut.

FOR DEFENDANTS-APPELLEES: Varuni Nelson, Anjna Kapoor, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on October 18, 2023, is **AFFIRMED**.

Plaintiff-Appellant Andre Calix, proceeding *pro se*, appeals from the district court's award of summary judgment in favor of Defendants-Appellees the United States and Lieutenant Thomas Pope (together, "Defendants") on his Eighth Amendment failure-to-protect claim against Lieutenant Pope under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and his negligence claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. Both claims arise from an incident that took place on May 22, 2018 at the Metropolitan Detention Center ("MDC"), operated by the Federal Bureau of Prisons ("BOP") in Brooklyn, New York. Calix alleges that, on that date, his cellmate ("Inmate A")—who had recently been transferred to MDC and was under investigation for assaulting his cellmate at his former federal facility—threw a bowl of hot water on Calix, causing second-degree burns across twenty percent of his body. After discovery, Defendants moved for summary judgment on both claims, and Calix cross-moved for summary judgment on his FTCA claim. The district court ultimately granted Defendants' motion in its entirety, concluding that Calix does not have a cause of action under *Bivens* and that Calix had not adduced evidence from which a rational fact-finder could find the United States liable for negligence under the FTCA.

2

Calix challenges both conclusions on appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the district court's grant of summary judgment *de novo*. *See Dalberth v. Xerox Corp.*, 766 F.3d 172, 182 (2d Cir. 2014). "We affirm the grant of summary judgment only where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). "We may find for the moving party only if we conclude that on the record presented, considered in the light most favorable to the non-moving party, no reasonable fact-finder could find in its favor." *Roberts v. Genting N.Y. LLC*, 68 F.4th 81, 88 (2d Cir. 2023) (alterations adopted) (internal quotation marks and citation omitted). We may affirm on any ground sufficiently presented by the record. *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 456 n.18 (2d Cir. 2014).

## I.  *Bivens* Claim

Although the district court concluded that *Bivens* does not extend to Eighth Amendment failure-to-protect claims against prison officials, we need not address that issue because, even assuming *arguendo* that a *Bivens* remedy exists in this context, Calix has not presented evidence sufficient to permit a reasonable jury to find in his favor on this claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (assuming without deciding that a claim was actionable under *Bivens*).

A failure-to-protect claim requires proof of deliberate indifference, which, depending on the constitutional right implicated, requires showing that the defendant either (1) knew of and disregarded a serious risk (Eighth Amendment),[1] or (2) should have known about the risk but

---

[1] "[A]n inmate seeking to establish an Eighth Amendment violation for failure to protect or deliberate indifference to safety must prove (1) that the plaintiff is incarcerated under conditions posing a substantial risk of serious harm, and (2) that the prison official had a sufficiently culpable state of mind, which in

3

recklessly failed to act (Due Process Clause). *See Vega v. Semple*, 963 F.3d 259, 273–74 (2d Cir. 2020). A defendant is culpable only if his *own* conduct amounted to a constitutional violation. *See Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020).

Even under the more-lenient due process standard, Calix failed to create a genuine dispute of material fact as to whether Lieutenant Pope "knew, *or should have known*, that the condition posed an excessive risk to health or safety." *Vega*, 963 F.3d at 274. More specifically, it is undisputed that, before the attack on May 22, 2018, Calix and Inmate A "did not have any physical or verbal fights." App'x at 206; *see also id.* ("Before the incident on May 22, 2018, Inmate A never threatened Plaintiff and Plaintiff never threatened Inmate A."). Calix admitted that he "never made any complaints about Inmate A," and that he was "surprised" when Inmate A threw hot water on him in this "unprovoked" attack. App'x at 204–06; *see Vickers-Pearson v. City of New York*, No. 18CV08610(KPF), 2020 WL 5732028, at *6 (S.D.N.Y. Sept. 24, 2020) ("[T]his was precisely the sort of surprise altercation that undermines a deliberate indifference claim."); *Zimmerman v. Macomber*, No. 95CV00882(DAB), 2001 WL 946383, at *5 (S.D.N.Y. Aug. 21, 2001) ("Courts routinely deny deliberate indifference claims based upon surprise attacks."); *Grant v. Burroughs*, No. 96CV02753(MGC), 2000 WL 1277592, at *3 (S.D.N.Y. Sept. 8, 2000). Moreover, it is undisputed that, at the time of the incident, Inmate A had a *lower* "security risk score" than Calix, and although "the investigation [into the previous incident] was still ongoing," he "had no prior disciplinary record with the BOP, nor . . . any pending disciplinary charges." App'x at 207–08.

Although Calix points to allegations by Inmate A's former cellmate at another facility, there is no evidence in the record that, during Lieutenant Pope's interview of Inmate A regarding those allegations, there was any indication that an attack on Calix was imminent. Indeed, it is

---

prison-conditions cases is one of deliberate indifference to inmate health or safety." *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (alteration adopted) (internal quotation marks and citation omitted).

uncontroverted that Inmate A did not mention Calix or express a desire to change cells during the interview. In short, Calix presented no evidence at summary judgment that Lieutenant Pope had reason to know that Inmate A posed an actual risk to Calix—with whom he had no prior dispute—based on an earlier, still-under-investigation dispute between Inmate A and his previous cellmate at another facility. This factual record stands in stark contrast to cases where summary judgment has been denied on failure-to-protect claims against state prison officials because of evidence of specific threats against an inmate known to those officials. *See, e.g.*, *Morgan*, 956 F.3d at 89–90 (vacating summary judgment on failure-to-protect claim when the inmate, a cooperator, reported threats by another inmate on grievance forms, of which the defendants were aware); *Lewis v. Siwicki*, 944 F.3d 427, 429–33 (2d Cir. 2019) (vacating summary judgment when defendants had specific information indicating that gang-affiliated plaintiff had been threatened by another inmate on a high-risk cell block, and plaintiff was eventually attacked by that inmate).

Accordingly, given the factual record presented here, no reasonable fact-finder could find for Calix on his failure-to-protect claim against Lieutenant Pope, and the district court did not err in granting summary judgment on this claim.

## II.    FTCA Negligence Claim

The district court granted Defendants' motion for summary judgment on Calix's FTCA negligence claim after finding that Calix had not presented evidence from which a rational fact-finder could find that Inmate A's attack was a foreseeable consequence of negligent conduct. Calix challenges this ruling on appeal, arguing that the district court failed to consider evidence that BOP breached its duty to follow certain protocols before releasing Inmate A into the general prison population. Upon review of the summary judgment record, we agree with the district court that

5

summary judgment was warranted in favor of the United States because no reasonable fact-finder could find in Calix's favor on this FTCA claim.

Under the FTCA, the liability of the United States for the negligence of its employees acting within the scope of employment is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Therefore, because the conduct here occurred in New York, the FTCA claim is governed by New York law. *See Makarova v. United States*, 201 F.3d 110, 114 (2d Cir. 2000). "Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002). In New York, a correctional facility "owes a duty of care to safeguard inmates, even from attacks by fellow inmates." *Sanchez v. State of New York*, 99 N.Y.2d 247, 252 (2002). The scope of this "duty to protect inmates is limited to risks of harm that are reasonably foreseeable." *Id.* at 253. Foreseeability is defined by what the defendant knew or should have known. *See id.* at 254–55.

Calix has not put forth sufficient evidence from which a rational fact-finder could conclude that BOP knew or should have known that he was at risk of being attacked by Inmate A. As noted *supra*, it is undisputed that Calix and Inmate A had no verbal or physical arguments leading up to the unprovoked attack, and there is no evidence in the record that would support a rational finding of foreseeability in connection with this unprovoked attack. *See Colon v. State of New York*, 209 A.D.2d 842, 844 (N.Y. App. Div. 3d Dep't 1994) (holding that an attack by one inmate on another was not foreseeable because "neither [the victim nor the prison official] knew of any direct animosity" between the inmates, and there was "no record evidence to indicate that [the assailant] was a known dangerous prisoner"); *see also Roudette v. State of New York*, 224 A.D.2d 808, 809

(N.Y. App. Div. 3d Dep't 1996) ("The mere occurrence of an unprovoked, unexplained attack by a fellow inmate who did not have a history of violence and with whom claimant had no prior contact or difficulties . . . does not equate to negligence on the part of the prison system.").

Calix argues that the attack was foreseeable because Inmate A was under investigation for fighting and sexually assaulting his prior cellmate at another facility when he was transferred—in what Calix alleges was a violation of BOP policy—into general-population housing at MDC. To be sure, foreseeability is defined "not simply by actual notice but by actual *or constructive* notice—by what the State knew or had reason to know." *Sanchez*, 99 N.Y.2d at 255 (internal quotation marks and citation omitted). Courts may infer what a facility should have known from a variety of sources, including policies and practices put in place to address specific risks. *Id.* at 254. However, in this case, Calix has not provided any evidence from which a reasonable inference could be drawn that the BOP deviated from a policy designed to prevent unprovoked attacks. Thus, the district court properly concluded that no reasonable fact-finder could find Inmate A's attack on Calix foreseeable and granted summary judgment on the FTCA claim.

*                    *                    *

We have considered Calix's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7